## S01A1810. WILLIS v. THE STATE.
(558 SE2d 393)

FLETCHER, Chief Justice.

Quentin Willis was convicted of the murder of his 18-year-old girlfriend, Tiffany Donovan.[1] He contends that the trial court erred in allowing two of the victim's girlfriends to testify concerning Donovan's statements about prior difficulties between the defendant and victim when there was direct evidence that was more probative on the issue. Although the hearsay testimony on the prior difficulties should not have been admitted since there was direct evidence about prior acts of violence of similar intensity, the admission of the evidence was harmless. Therefore, we affirm.

1. The evidence presented at trial shows that Donovan, who was right-handed, was shot once on the left side of the head with Willis's gun. Willis told the 911 operator that he went to the store and when he returned he found that Donovan had shot herself. Police found her lying on her back wearing a shirt, pants, and one sock; her other sock and toenail clippers were under her body. Blood streaks on her face and three separate stains on the mattress cover indicated that her

---

[1] The shooting occurred on December 14, 1996, and Willis was indicted on May 23, 1997. On June 10, 1999, a jury found him guilty of malice murder and possession of a firearm during the commission of a felony, and the trial court sentenced him to life imprisonment on the murder charge and five years imprisonment on the firearms charge. Willis filed a motion for a new trial on July 8, 1999, which was denied on May 15, 2001. Willis filed a notice of appeal on May 25, 2001; the case was docketed in this Court on August 29, 2001, and submitted for decision without oral arguments on September 22, 2001.

body had been moved. The state's medical examiner testified that the entry wound shows that the gun's muzzle was against Donovan's head when the trigger was pulled. The medical examiner for the defense testified that a press contact wound is found in most suicide cases, but would not be found when there has been a struggle over a gun.

Asserting an accident defense at trial, Willis testified that he had argued with Donovan, then left their apartment for a few minutes to buy marijuana. When he returned, he saw Donovan sitting on the bed with the gun to her head and walked over to get it from her; it discharged as he was pulling it away. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Willis guilty of the crimes charged.[2]

2. To admit hearsay testimony under the necessity exception, the trial court must determine that the hearsay is more probative on a material fact than other evidence that may be procured and offered at trial.[3] The state presented evidence from two of Donovan's high school friends that they had seen Willis throw a radio at Donovan, punch her in the face, throw her against a brick wall, and threaten to kill her. One of these witnesses and a third girlfriend also testified that Donovan told them Willis had pushed her down the stairs during a fight and caused the bruises on her arm and legs. Since the state presented two witnesses who had personally observed Willis threaten and hit Donovan during their fights, the victim's hearsay statements about comparable acts of violence were not more probative than the direct evidence. Therefore, the trial court erred in admitting Donovan's hearsay statements against Willis under the necessity exception to the hearsay rule.[4]

Having reviewed the record, however, we conclude that it is highly probable that the error did not contribute to the verdict.[5] Willis denied ever threatening or hitting Donovan, thus raising an issue for the jury about whether they should believe any of the evidence about prior difficulties, regardless of its source. He testified that he struggled with Donovan before the gun accidentally discharged, but the physical evidence did not support his accident defense. In addition, he changed his story at least three times, initially claiming that the victim killed herself while he was away from the apartment and

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Chapel v. State*, 270 Ga. 151, 155 (510 SE2d 802) (1998).

[4] See *Lee v. State*, 270 Ga. 626, 627 (513 SE2d 225) (1999) (trial court erred in admitting victim's hearsay statement under necessity exception when there was direct evidence of animosity between the defendant, his brother, and the victim).

[5] See *Weems v. State*, 269 Ga. 577, 579 (501 SE2d 806) (1998).

later claiming that her death was an accident.

3. Willis also contends that the trial court erred in allowing the state's medical examiner to testify that she classified Donovan's death as a homicide. The medical examiner testified that she would have labeled Donovan's death as a suicide based on the wound alone, but classified the death as a homicide due to Willis's description of a struggle. She explained that the homicide classification means death due to the actions of another person without regard to intent and that her office's classification has no "legal type meaning." Because this testimony did not improperly invade the province of the jury on the ultimate issue of whether the death was an intentional killing or an accident, the trial court did not err in allowing the medical examiner to explain her classification.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*Barry M. Hazen*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

---

[6] See *Suits v. State*, 270 Ga. 362, 365 (507 SE2d 751) (1998) (no harmful error in medical examiner testifying death was a homicide when forensic evidence inferred shooting was not a suicide); *Medlock v. State*, 263 Ga. 246, 248 (430 SE2d 754) (1993) (no error in admitting expert testimony of medical examiner that child's death was a homicide); see also *Maxwell v. State*, 262 Ga. 73, 76 (414 SE2d 470) (1992) (error for medical examiner to testify that death was a homicide when his expertise was not needed or used in reaching that conclusion).