S02A1339. CURNEY v. THE STATE.
(570 SE2d 294)

FLETCHER, Chief Justice.

Darius Jerrod Curney was convicted of felony murder and possession of a firearm during the commission of the felony in connection with the shooting death of Antonio Daniely.[1] He claims that his

---

[1] The shooting occurred on September 8, 1999, and Curney was indicted on November 28, 2000. A jury found him guilty on December 15, 2000, and the trial court sentenced him that day to life imprisonment on the murder count and a consecutive five-year term of imprisonment on the firearm possession count. Curney filed a motion for new trial on January 16, 2001, which was denied on March 12, 2002. Curney filed a notice of appeal on April 5, 2002; the record was filed in the clerk's office on May 17, 2002; and the case was submitted for decision without oral arguments on July 8, 2002.

trial counsel was ineffective for pressuring him to sign the indictment after the trial had begun and for failing to move for a mistrial when the medical examiner gave improper testimony. Because the defendant's trial counsel did not perform deficiently and her actions did not prejudice him, we conclude that Curney was not denied effective assistance of counsel. Therefore, we affirm.

1. The evidence presented at trial shows that Curney walked to the driver's side of the victim's car, pointed a semiautomatic handgun at Daniely, and said, "Get out of the car. You think I'm playing with you." The car jerked forward, a shot was fired, and Daniely turned to his girlfriend, who had formerly dated the defendant, and said, "I've been shot." Looking dazed and shocked, Curney ran to his car, hopped in, and drove off, throwing the gun out the window at the end of the block. Daniely died that afternoon from the gunshot wound in his chest. Three months later, a police fugitive squad located and arrested Curney.

Presenting an accident defense at trial, Curney testified that he did not know bullets were in his gun's chamber, he pointed the gun downward when he leaned inside Daniely's car, and the gun went off by accident when the car jolted forward. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Curney guilty of the crimes charged.[2]

2. Curney complains that his trial counsel was ineffective in failing to move for a mistrial based on (1) a flawed indictment and (2) the medical examiner's testimony on the ultimate issue. To establish ineffective assistance of counsel, Curney must show that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result of the proceeding would have been different but for counsel's unprofessional errors.[3] We review the decisions of trial counsel on matters of trial tactics and strategy within the context of the trial and not by hindsight.[4]

In this case, the defendant has failed to show that his trial counsel performed deficiently or that her actions prejudiced him. First, trial counsel did not act deficiently in advising Curney to waive formal arraignment and sign the indictment after the trial began. Curney had notice of the charges being brought in the indictment, he waived his right to a formal arraignment by proceeding to trial, and his trial counsel made a valid strategic decision to not seek a new trial because she believed the State would present more damaging

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] See *Turpin v. Mobley*, 269 Ga. 635, 638 (502 SE2d 458) (1998).
[4] See *Berry v. State*, 267 Ga. 476, 482 (480 SE2d 32) (1997).

testimony from the victim's brother at a retrial.[5] Second, the medical examiner's testimony as a whole did not improperly invade the jury's role in deciding whether Daniely's death was an intentional killing or accident. Therefore, the defendant would not have been entitled to a mistrial if trial counsel had objected to the examiner's explanation of his classification of Daniely's death as a homicide.[6] Finally, Curney provides no support for his assertion that a mistrial would have generated a more favorable outcome through a plea bargain with the State or that the jury would have reached a different verdict if the medical examiner's testimony had been excluded. As a result, we agree with the trial court's ruling that Curney has failed to prove that his trial counsel was ineffective.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*Harold S. Gulliver*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.

---

[5] See *Garland v. Washington*, 232 U. S. 642, 645 (34 SC 456, 58 LE 772) (1914) (lack of formal arraignment did not deprive the accused of due process or change the course of his trial to his disadvantage); see also *Spear v. State*, 270 Ga. 628, 632 (513 SE2d 489) (1999) (finding right to formal arraignment waived by failing to object before verdict).

[6] See *Willis v. State*, 274 Ga. 699, 701 (558 SE2d 393) (2002).