## S11A0936. BONILLA v. THE STATE.
### (717 SE2d 166)

NAHMIAS, Justice.

Manuel Bonilla was convicted of the murder of Jose Reyes and the aggravated assault of Jose Cruz.[1] He appeals, challenging the sufficiency of the evidence and the trial court's allowing a hearsay statement into evidence against him. We affirm.

1. The evidence presented at trial, viewed in the light most favorable to the verdict, showed the following. On the night of December 24, 1999, Jose Cruz threw a Christmas party at his Gwinnett County apartment for friends and family, who were originally from the same town in El Salvador. Bonilla was one of the guests. When Bonilla drank too much and became belligerent, Cruz asked him to leave because someone said Bonilla was armed with a knife. After angrily throwing his coat down, Bonilla started to leave. Another guest, Jose Reyes, picked up the coat and followed Bonilla outside to give it to him, as the night was cold.

It was dark and Bonilla was standing to the side of the entryway, but Cruz saw Reyes recoil from Bonilla. Cruz then heard Reyes say, "He got me," and saw Reyes touch his chest. He had been stabbed. Cruz then followed Bonilla to urge him to wait at the apartment until the police arrived, but Bonilla stabbed Cruz too. Cruz survived; Reyes, however, died at 10:00 a.m. on Christmas morning. Bonilla fled to El Salvador but returned to the United States several years later. He was arrested in Missouri and returned to Georgia to stand trial.

---

[1] The crimes occurred on the night of December 24-25, 1999. While a fugitive, Bonilla was indicted on February 7, 2001, for malice murder, felony murder, and two counts of aggravated assault. Law enforcement authorities later located and arrested Bonilla in Missouri, and he was returned to Georgia. On September 4, 2009, a jury convicted him on all counts. The trial court sentenced Bonilla to life in prison for the malice murder of Reyes plus an additional 20 years for the aggravated assault against Cruz. The felony murder conviction was vacated by operation of law, and the conviction for aggravated assault against Reyes merged. On September 11, 2009, Bonilla filed a motion for new trial, which he amended with the assistance of new counsel on April 13, 2010. On April 14, 2010, after a hearing, the trial court denied the motion. On January 21, 2011, the court granted Bonilla's motion for out-of-time appeal, and he then filed a timely notice of appeal. The case was docketed in this Court for the April 2011 term and submitted for decision on the briefs.

2. Bonilla argues, in a single sentence, that the evidence was insufficient to support his convictions. However, when viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Bonilla guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (" 'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " (citation omitted)).

3. (a) Bonilla also contends that the trial court improperly permitted Cruz to testify about Reyes's statement, "He got me," under the dying declaration and res gestae exceptions to the hearsay rule.[2] While the parties debate the dying declaration issue at some length, we need not consider it, because the testimony was clearly admissible under the res gestae exception. Under Georgia law, "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. "He got me" bears two hallmarks of such a declaration, as Reyes made the statement while the events were actually happening and before he had time to deliberate. See *Sanford v. State*, 287 Ga. 351, 353 (695 SE2d 579) (2010); *Fields v. State*, 283 Ga. App. 208, 211-212 (641 SE2d 218) (2007). The trial court therefore did not abuse its discretion in admitting the hearsay testimony.

(b) Bonilla also argues that this testimony by Cruz violated the Sixth Amendment's Confrontation Clause, as interpreted in *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), because the declarant (Reyes) was not subject to cross-examination. However, *Crawford* applies only to "testimonial" evidence — formal ex parte statements like affidavits and statements " 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial,' " such as "[s]tatements taken by police officers in the course of interrogations." Id. at 52 (citations omitted). Accord *Sanford v. State*, 287 Ga. 351, 354 (695 SE2d 579) (2010) (holding that "only a statement that is testimonial will cause the declarant to be a witness for the purpose of the Confrontation Clause").

---

[2] Bonilla also cites testimony by two other witnesses who offered similar accounts of Reyes's post-stabbing statement. Cruz's brother testified that Reyes said, "He got me, that son-of-a-bitch," after the stabbing. And another witness testified that Reyes said he felt he was injured upon returning to the apartment. For the reasons discussed below, admitting this testimony was not error.

Reyes's statement was not made to an investigating police officer or even a 911 operator, but informally to bystanders as events were actually happening and just after he had suffered a serious stabbing. He was telling the bystanders what had occurred and seeking help, not making a statement in contemplation of its use at a later trial. See *Davis v. Washington*, 547 U. S. 813, 827, 832 (126 SC 2266, 165 LE2d 224) (2006) (explaining that a "cry for help" is not testimonial and that statements made as events are "actually happening" are less prone to be testimonial). See also *Michigan v. Bryant*, ___ U. S. ___ (131 SC 1143, 1159, 179 LE2d 93) (2011) (holding that a declarant's medical condition helps decide whether his statement is made with the primary purpose of seeking help rather than providing evidence). Thus, Reyes's statement was not testimonial, and the Confrontation Clause did not prohibit the introduction of Cruz's testimony recounting it.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 17, 2011.

*John R. Burdges*, for appellant.
*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Amy H. Morelli, Assistant Attorney General*, for appellee.