S12A0677. SHARPE v. THE STATE.
(728 SE2d 217)

THOMPSON, Justice.

Appellant Theodore Fred Sharpe was convicted of malice murder in connection with the deaths of Herman "Rusty" Cadle and Stillson "Larry" Lawrence and was sentenced to two consecutive life terms.[1] Appellant's amended motion for new trial was denied, and he now appeals that decision. On appeal, appellant challenges the sufficiency of the evidence and alleges trial court error in allowing an expert witness to express an opinion regarding an ultimate issue in the case,

---

[1] The crimes occurred on June 9, 2008. A Richmond County grand jury returned an indictment charging appellant and Celisa Heard Hamilton with two counts of malice murder and two counts of felony murder while in the commission of arson. Appellant filed a motion to sever and was tried separately from Hamilton on October 27, 2008. On October 29, 2008, a jury found appellant guilty as charged. He was sentenced on November 12, 2008 to two consecutive terms of life imprisonment for malice murder and the remaining counts of felony murder were vacated under *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Appellant filed a motion for new trial on November 13, 2008, which was amended on July 21, 2011, and denied on September 26, 2011. A notice of appeal was filed on September 28, 2011. The appeal was docketed to the April 2012 term of this Court and was submitted for a decision on briefs.

in excluding exculpatory evidence, in improperly charging the jury on the offense of arson, and in failing to give a complete charge on the form of the verdict. For the reasons that follow, we affirm.

1. Viewed in a light most favorable to the verdict, the evidence shows that Cadle and Lawrence died in a fire that swept through their residence while they slept on the night of June 9, 2008. Appellant, who lived with the victims, and Celisa Hamilton were seen arguing at the residence immediately before the fire. A witness heard Hamilton yell that she was going to kill somebody and saw appellant exit through the front door with a flashlight and walk over to an area on the side of the residence where law enforcement later discovered multiple gas cans. Appellant reentered the residence with something in his hand and then stood in the front doorway with Hamilton. The witness observed them "throw something" followed by the eruption of flames in the front portion of the house at which time appellant and Hamilton fled. Appellant later returned to the scene of the fire as firefighters were trying to revive one of the victims and commented that he was glad one of the victims was dead. A crime scene investigator and an arson investigation expert both concluded that an accelerant had been used, and the arson expert determined that the fire was intentionally set.

Appellant contends that the actual cause of the arson was never determined and all of the evidence against him was circumstantial. Contrary to appellant's assertions, however, there was substantial evidence linking him to the murders, and we conclude the evidence was sufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Next, appellant argues that the trial court erred in allowing the medical examiner to characterize the manner of death for the two victims as homicides.[2] He contends that this testimony constituted both an expression of opinion as to an ultimate issue in the case and an improper bolstering of the arson investigator's opinion. We disagree.

Generally, witnesses are prohibited from expressing opinions on an ultimate issue where jurors can come to their own conclusion from

---

[2] The medical examiner testified that both victims died as the result of smoke, soot, and super heated gas inhalation and further opined that both died as a result of a homicide. He explained, "[T]here are five manners of death. There's homicide, suicide, accident, undetermined and natural death. What I do is I try to determine which of those classifies for each death, in other words, cause of death and manner of death. . . . When I use manner of death . . . I use that in the medical sense for an autopsy report." Further clarifying, he stated, "I don't decide whether or not it's justifiable or not, but it's still a homicide."

factors within their understanding. *Maxwell v. State*, 262 Ga. 73, 76 (414 SE2d 470) (1992), overruled on other grounds, *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998). However, "[i]n criminal cases, the opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." OCGA § 24-9-67. Here, the medical examiner based his opinions on his specific expertise and training as a pathologist and on evidence presented to him by law enforcement regarding the fire. Testifying that it was part of his job to determine both the cause and manner of death, the witness clarified that his classification of the manner of death as a homicide was limited to the medical aspect for the autopsy report and was not a legal charge. As the medical examiner's testimony regarding the manner of death did not improperly invade the province of the jury on the ultimate issue of whether the deaths were intentional killings or accidents, the trial court did not err in allowing him to explain his classification. See *Willis v. State*, 274 Ga. 699 (558 SE2d 393) (2002). Nor do we agree with appellant's unsupported assertion that simply by using the arson investigator's testimony as a basis for his conclusion, the medical examiner improperly "bolstered" the investigator's opinion.

Finally, we conclude that even had the trial court erred in permitting this testimony, such error was harmless where the plain and overwhelming inference to be drawn from the evidence presented at trial was that the fire was intentionally set and there was no evidence presented to the contrary. See *Suits v. State*, 270 Ga. 362, 365-366 (507 SE2d 751) (1998).

3. Appellant additionally complains that the trial court erroneously excluded exculpatory evidence when it refused to admit a recording of a 911 call appellant made to report the fire. However, appellant chose not to testify at trial and was not subject to cross-examination, thus the trial court did not err in holding that the 911 call was a self-serving declaration and inadmissible hearsay. *Parker v. State*, 276 Ga. 598 (581 SE2d 7) (2003). While a defendant is allowed to declare his innocence in open court, he is not allowed to avoid this opportunity by "pre-trial declarations of innocence." Id. Although appellant argues that the 911 call could have been admitted under the res gestae exception to hearsay pursuant to OCGA § 24-3-3, a determination of admissibility under this exception is left to the trial court's sound discretion. See *Bonilla v. State*, 289 Ga. 862, 863 (717 SE2d 166) (2011). We find no abuse of discretion and hold that this enumeration lacks merit.

4. Appellant also argues that the trial court improperly charged the jury on the offense of arson in the first degree by charging

provisions of the arson statute not alleged in the indictment. He asserts that although his indictment only charged him with a violation of OCGA § 16-7-60 (a) (1), the trial court's jury instructions erroneously included charges for both OCGA § 16-7-60 (a) (1) and (a) (5).[3] Further, appellant claims there is at least a modicum of evidence that the jury convicted him of a crime not in the indictment. See *Hunley v. State*, 227 Ga. App. 234, 235 (488 SE2d 716) (1997); but see *Stanford v. State*, 236 Ga. App. 597 (512 SE2d 708) (1999). We disagree.

> Where the indictment charges a defendant committed an offense by one method, it is reversible error for the court to instruct the jury that the offense could be committed by other statutory methods with no limiting instruction. [Cit.] The defect is cured, however, where . . . the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. [Cits.]

*Mikell v. State*, 286 Ga. 722, 724 (690 SE2d 858) (2010). We find no evidence that the jury convicted appellant of a crime not in the indictment and, as the trial court read the indictment to the jury, properly instructed the jury as to the burden of proof, and sent the actual indictment out with the jury during deliberations, appellant's claim lacks merit.

Nor does this claim survive a plain error analysis. *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011) (appellate review for plain error is required whenever appealing party properly asserts an error in jury instructions). In conducting such a review, " 'the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings.' [Cit.]" (Punctuation omitted.) Id. at 33. The jury convicted appellant of two

---

[3] OCGA § 16-7-60 provides in pertinent part:
>    (a) A person commits the offense of arson in the first degree when, by means of fire or explosive, he or she knowingly damages or knowingly causes, aids, abets, advises, encourages, hires, counsels, or procures another to damage:
>        (1) Any dwelling house of another without his or her consent or in which another has a security interest, including but not limited to a mortgage, a lien, or a conveyance to secure debt, without the consent of both, whether it is occupied, unoccupied, or vacant;
>            . . .
>        (5) Any building, vehicle, railroad car, watercraft, aircraft, or other structure under such circumstances that it is reasonably foreseeable that human life might be endangered.

counts of malice murder based on the same evidence that supported the two counts of felony murder. The court sentenced appellant on the two counts of malice murder and vacated the felony murder charges. As the court properly charged the jury on malice murder consistent with the charging language of the indictment, we conclude that any error as to the felony arson charge did not affect the outcome of the proceedings.

5. Finally, we reject appellant's claim that the trial court's charge to the jury failed to inform the jurors that the "not guilty" option could operate as a general acquittal of the murder charges. Not only were the trial court's instructions not deficient in the manner urged by appellant, see *Jones v. State*, 289 Ga. 145, 148 (710 SE2d 127) (2011), but we find no plain error to require a reversal. See *Kelly*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 29, 2012.

*Peter D. Johnson*, for appellant.

*R. Ashley Wright, District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.