## S12A0615. WILLIAMS v. KELLEY.
### (728 SE2d 666)

MELTON, Justice.

Following a May 1995 jury trial, Eric Kelley was convicted of two counts of felony murder (with the underlying felony of aggravated assault) in connection with the shooting deaths of two people at a pawn shop. This Court affirmed Kelley's convictions on appeal. See *Kelley v. State*, 266 Ga. 709 (469 SE2d 653) (1996). On February 20, 2006, Kelley filed a habeas corpus petition, which he amended on June 24, 2008, and May 30, 2009. Following an October 21, 2009, hearing, on August 4, 2011, the habeas court granted relief to Kelley on the ground that he had received ineffective assistance of appellate counsel. Specifically, the habeas court found that appellate counsel was ineffective for having failed to argue on direct appeal that the trial court erred in charging the jury on both subsections (a) (1) and (a) (2) of OCGA § 16-5-21[1] when the indictment stated only that Kelley had committed aggravated assault in connection with felony murder by shooting the victims with a pistol. The Warden of Scott State Prison appeals from this ruling, and, for the reasons that follow, we reverse.

> Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to prevail on a claim of ineffective assistance of appellate counsel, the petitioner bears the burden of showing both that counsel's performance was deficient and that the deficiency prejudiced the appeal.

---

[1] OCGA §§ 16-5-21 (a) (1) deals with assault "[w]ith intent to murder, to rape, or . . . rob" and subsection (a) (2) deals with assault "with a deadly weapon."

*Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). The deficiency prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Anderson v. State*, 285 Ga. 496, 498 (3) (678 SE2d 84) (2009). Moreover, the petitioner " 'must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' [Cit.]" *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). The prejudice prong requires the petitioner to show that there is " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Cit.]" *Hardeman v. State*, 281 Ga. 220, 221 (635 SE2d 698) (2006). Finally, "[a] habeas court's determination on a claim of ineffective assistance of counsel is to be affirmed unless the reviewing court concludes the habeas court's factual findings are clearly erroneous or are legally insufficient to show ineffective assistance of counsel. [Cit.]" *Head v. Thomason*, 276 Ga. 434, 436 (1) (578 SE2d 426) (2003).

*Walker v. Hagins*, 290 Ga. 512, 512-513 (722 SE2d 725) (2012).
Relying on *Chapman v. State*, 273 Ga. 865 (2) (548 SE2d 278) (2001), the habeas court concluded that appellate counsel overlooked a potentially meritorious argument on appeal where the trial court had erroneously charged the jury on more than one manner of committing aggravated assault when Kelley had only been indicted for aggravated assault based on one specific method of committing the crime. See id. at 868 (2) ("Although generally it is not error to charge the jury on a portion of the Code section that may be inapplicable under the facts in evidence, it is error to charge (the jury) that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method") (citations and punctuation omitted). However, as this Court has made clear, most recently in *Sharpe v. State*, 291 Ga. 148, 151 (4) (728 SE2d 217) (2012):

Where the indictment charges a defendant committed an offense by one method, it is reversible error for the court to instruct the jury that the offense could be committed by other statutory methods with no limiting instruction. *The defect is cured, however, where . . . the court provides the jury with the indictment and instructs jurors that the burden of*

*proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.*

(Citations and punctuation omitted; emphasis supplied.)

Here, the record reveals that the trial court specifically provided the jurors with the indictment and instructed the jury that the burden of proof was with the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. Therefore, any error in overcharging the jury on aggravated assault was cured, and appellate counsel's argument to the contrary likely would not have prevailed on appeal. See id. Accordingly, we must reverse the habeas court's decision to grant relief to Kelley.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 25, 2012.

*Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellant.

*Zell & Zell, Rodney S. Zell,* for appellee.