In the Supreme Court of Georgia

Decided: October 20, 2014

S14A1339. FAULKS v. THE STATE.

MELTON, Justice.

Following a jury trial, Michael Orlando Faulks was found guilty of malice murder and possession of a firearm during the commission of a crime in connection with the shooting death of Jamar Wright.[1] On appeal Faulks contends that the trial court gave an improper jury charge on aggravated assault and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence

_____

[1] On April 14, 2009, Faulks was indicted for felony murder (predicated on aggravated assault and possession of a firearm by a convicted felon), aggravated assault, possession of a firearm during the commission of a crime. Following a January 26-27, 2010 jury trial, Faulks was found guilty on all charges. On January 28, 2010, the trial court sentenced Faulks to life imprisonment for felony murder and five consecutive years for possession of a firearm during the commission of a crime. Faulks filed a motion for new trial on February 9, 2010, which he amended with new counsel on January 3, 2014. The trial court denied the motion on February 21, 2014. Following the payment of costs, Faulks' timely appeal was docketed in this Court for the September 2014 Term and submitted for decision on the briefs.

reveals that, on the evening of January 4, 2009, Faulks was hanging out at his girlfriend's apartment with his friend, John Elam. Wright, a mutual friend of Elam and Faulks, called Elam to let him know that he was on his way to the apartment. When Wright arrived and knocked at the apartment door, Faulks, still in Elam's presence, walked up to the door while brandishing a black handgun, opened the door, and shot Wright in the chest at point blank range, killing him.

This evidence was sufficient to enable a rational trier of fact to find Faulks guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Faulks contends that the trial court committed plain error[2] by charging the jury on other forms of aggravated assault besides aggravated assault with a deadly weapon, because aggravated assault with a deadly weapon was the only form of aggravated assault charged in the indictment. However, Faulks is incorrect. While it is true that,

> [w]here the indictment charges a defendant committed an offense by one method[] it is reversible error for the court to instruct the jury that the offense could be committed by other statutory methods

---

[2] See OCGA § 17-8-58 (absent specific objection appellate review of jury charge limited to plain error).

2

with no limiting instruction[,] [t]he defect is cured . . . where the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.

(Citations and punctuation omitted.) Sharpe v. State, 291 Ga. 148, 151 (4) (728 SE2d 217) (2012).

Here, the record reveals that the trial court read the indictment to the jury, provided the jury with the indictment during deliberations, and properly instructed the jury that the burden of proof was on the State to prove every essential element of the crimes as charged in the indictment. Under such circumstances, Faulks cannot show any reversible error, plain or otherwise. See id. Indeed, there is no reasonable probability that the jury found Faulks guilty of felony murder in a manner that was not charged in the indictment. Id.

3. In light of our holding in Division 2, we conclude that Faulks "has failed to show ineffective assistance of counsel as a result of counsel's failure to object to the jury charge which, even if erroneous, did not affect the outcome of the proceedings." (Citation omitted.) Johnson v. State, – Ga. – (3) (a) (759 SE2d 837) (2014).

Judgment affirmed. All the Justices concur.

3