302 Ga. 875
FINAL COPY

S17A1352.  SIMPSON v. THE STATE.

PETERSON, Justice.

Carlo Simpson was convicted of felony murder and other crimes in relation to the shooting death of Shakhira Dunson.[1] Simpson appeals and argues that the trial court plainly erred in instructing the jury on a method of committing aggravated assault that was not alleged in the indictment. Because the trial court specifically instructed the jury that the State was required to prove every material allegation of the indictment, we affirm Simpson's convictions.

---

[1]     The crimes occurred on February 18, 2013. On February 17, 2015, a DeKalb County grand jury indicted Simpson for felony murder, feticide, aggravated assault, and possession of a firearm during the commission of a felony. After a trial held in March 2015, the jury found Simpson guilty on all counts. The trial court sentenced Simpson to life in prison for felony murder, a consecutive life term for feticide, and a consecutive five-year term for the firearm count.  The court merged the aggravated assault count into the felony murder conviction. Simpson filed a timely motion for new trial, which he subsequently amended. Following a hearing, the trial court denied the motion on November 3, 2016. Simpson filed a timely notice of appeal, and the case was docketed to this Court for the August 2017 term and submitted for a decision on the briefs.

Viewed in the light most favorable to the verdict, the trial evidence showed the following. Dunson had a child with Simpson, whom she had been dating since 2010. In February 2013, Dunson was pregnant with their second child.

On February 17, 2013, Dunson had a heated phone conversation with Simpson. Dunson's cousin overheard the argument because Dunson placed the call on speaker phone. According to Dunson's cousin, Dunson told Simpson that she no longer wanted to be in a relationship with him, and Simpson said in response, "[I]f I can't have you I will make sure nobody else will."

The next night, Dunson was having dinner with her brother when she received multiple phone calls from Simpson. Dunson ignored the calls at first, but finally answered and told Simpson to stop calling her. After ending the phone call with Simpson, Dunson told her brother that she was leaving Simpson. Dunson dropped her brother off after dinner and told him that she would see him after collecting her belongings from Simpson's house.

Simpson was not home when Dunson arrived, but members of his family and several friends were at the residence. After Simpson arrived, he and several others, including his sisters Victoria and Lawanna, got into Dunson's car and

began to smoke marijuana. Dunson came out of the house and went to the car window where Simpson was sitting and began talking to him. Simpson told Dunson to go inside the house and retrieve their infant son, but she refused. Simpson then grabbed his gun and began waving it in Dunson's face. Dunson, who was about two feet away from Simpson, tried to move the gun away, but Simpson shot her in the face. Dunson died at the scene. The medical examiner testified that Dunson was in the second trimester of her pregnancy, and her fetus would have been viable but for Dunson's death.

A responding officer spoke to Simpson's sisters Victoria and Lawanna, who both reported that Dunson was shot during a drive-by shooting. Simpson told Dunson's family the same and also told the police that he was inside the residence at the time of the shooting. Upon further investigation, police suspected that Simpson shot Dunson because they saw blood on Simpson's shirt and a shell casing on the dashboard of Dunson's vehicle. Officers also located a 9mm firearm in the yard that had a round in the chamber and more rounds in the magazine. A GBI firearms expert testified that the recovered shell casing was fired from that gun, the firearm was in working condition, and the gun required intentional action — about 13.5 pounds of force — to pull the trigger.

3

Simpson testified at trial, admitting that he shot Dunson, but claiming it was an accident.

1. Although Simpson does not challenge the sufficiency of the evidence, it is our customary practice in murder cases to independently review the record to determine whether the evidence was legally sufficient. Having done so, we conclude that the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Simpson was guilty of the crimes for which he was convicted. See Jackson v. Virginia, 443 U.S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Simpson was charged with aggravated assault with a deadly weapon by shooting the victim, and the other charges of felony murder, feticide, and possession of a firearm during the commission of a felony were predicated on the aggravated assault charge. Simpson argues that the trial court erred by charging the jury on other forms of aggravated assault, which he contends could have allowed the jury to find him guilty of aggravated assault based on the victim's apprehension of violent injury rather than on the indicted crime of shooting Dunson.

Simpson did not object at trial, and so his challenge to the jury charge is to be reviewed for plain error only. See OCGA § 17-8-58 (b). Under plain error review, reversal of a conviction is authorized if the trial court's instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Green v. State, 291 Ga. 287, 294 (8) (728 SE2d 668) (2012). It is error to charge the jury that an aggravated assault may be committed in a method not charged in the indictment. Chapman v. State, 273 Ga. 865, 868 (2) (548 SE2d 278) (2001). Here, even if the trial court provided a charge on aggravated assault that included a method not charged in the indictment, any error in its instruction was cured. The court provided the jury with the indictment and instructed the jury that the State was required to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. See Williams v. Kelley, 291 Ga. 285, 286-287 (728 SE2d 666) (2012) (a limiting instruction cures a defect in the court's charge). Under these circumstances, Simpson cannot establish reversible error, plain or otherwise. See, e.g., Faulks v. State, 296 Ga. 38, 39 (2) (764 SE2d 846) (2014).

Judgment affirmed. All the Justices concur.

Decided December 11, 2017 — Reconsideration denied February 5, 2018.

Murder. DeKalb Superior Court. Before Judge Jackson.

Tyler R. Conklin, for appellant.

Sherry Boston, District Attorney, Deborah D. Wellborn, Zina B. Gumbs, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General, for appellee.