**THIRD DIVISION**
**DILLARD, C. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 24, 2019**

# In the Court of Appeals of Georgia

A19A0207. THE STATE v. THOMAS.

GOBEIL, Judge.

Nyron Thomas was charged with murder and other crimes related to the shooting death of Shinnara Gee. A jury found him not guilty of murder, felony murder, and voluntary manslaughter, but guilty of aggravated assault with a deadly weapon and firearms charges. The trial court granted Thomas's motion for a new trial, concluding that it had committed an error of law in instructing the jury on the offense of aggravated assault with a deadly weapon.[1] On appeal, the State argues that the trial

---

[1] We note that Thomas also challenged the sufficiency of the evidence in his motion for new trial. In its grant of Thomas's motion for a new trial, the trial court did not reach the issue of the sufficiency of the evidence. Because this case is before us on the State's appeal from the grant of a new trial based on an erroneous jury instruction, we do not reach the issue of whether the evidence was sufficient to support Thomas's convictions, and we express no opinion on this issue. See Division 2, *infra*.

court's instructions to the jury did not amount to plain error and seeks reversal of the grant of a new trial. For the reasons set forth below, we agree and reverse.

Generally, "[t]he first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused [her] discretion in granting it[.]" OCGA § 5-5-50; *State v. James*, 292 Ga. 440, 441 (1) (738 SE2d 601) (2013). However, where, as here, the trial court grants the motion for a new trial based on a special ground involving a question of law, we review the ruling de novo. *O'Neal v. State*, 285 Ga. 361, 363 (677 SE2d 90) (2009). Because the trial court in this case granted Thomas's motion for a new trial based upon legal error in its jury instructions and not upon general grounds, we conduct a de novo review. Id.; see also *State v. Crist*, 341 Ga. App. 411, 414 (801 SE2d 545) (2017) (this Court reviews de novo the trial court's first grant of a new trial on special grounds).

The record shows that the charges against Thomas arose from an altercation between Thomas and Gee on October 9, 2014. The two men began arguing, and at some point during the encounter, Thomas's gun discharged. Thomas then chased Gee around a corner and fired his weapon again, but the second shot did not make contact with Gee. The medical examiner testified that Gee was shot only once, and the fatal shot entered Gee's arm and ricocheted into his torso. Gee died from the injuries he

2

sustained to his internal organs when the bullet lodged in his abdominal cavity. Thomas testified in his own defense at trial and claimed he did not intend to shoot Gee. He raised the affirmative defenses of self-defense, accident, and justification.

Thomas was charged by indictment for murder, two counts of felony murder,[2] aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Specifically, the indictment alleged that Thomas assaulted Gee "by shooting him with a handgun, the same being a deadly weapon." See OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon. . . .").

The jury returned a verdict finding Thomas not guilty of murder, felony murder, and the lesser included offense of voluntary manslaughter. The jury found Thomas guilty of aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The trial court sentenced Thomas to 20 years to serve for aggravated assault (Count

_____

[2] Count 2 of the indictment charged Thomas with felony murder predicated on the offense of aggravated assault by shooting the victim. Count 3 of the indictment charged Thomas with felony murder predicated on the offense of possession of a firearm by a convicted felon.

3

4); five years to serve for possession of a firearm during the commission of a felony (consecutive to Count 4); and five years to serve for possession of a firearm by a convicted felon (consecutive to Count 4 and suspended).

In his amended motion for a new trial, Thomas asserted error in the trial court's failure to limit its jury instruction on aggravated assault with a deadly weapon to the method charged in the indictment. The trial court agreed that its charge was erroneous and granted a new trial on this basis.

1. In its sole claim of error, the State asserts that the trial court erred in granting Thomas's motion for a new trial because the trial court adequately cured any potential defect in its instructions.

At the outset, we note that because defense counsel failed to object to the trial court's instructions at trial, we review the jury instructions for plain error. See OCGA § 17-8-58 (b).[3] Plain error is defined as "that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *State v. Kelly*, 290 Ga. 29, 32-

---

[3] Pursuant to OCGA § 17-8-58 (b), where a party fails to object to a jury charge or the failure to charge before the jury retires to deliberate, appellate review of an unobjected-to jury charge is precluded "unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." OCGA § 17-8-58 (b).

4

33 (2) (a) (718 SE2d 232) (2011) (citation and punctuation omitted). Under the plain error standard of review, appellate courts assess whether "the trial court's instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Simpson v. State*, 302 Ga. 875, 877 (2) (808 SE2d 718) (2017).

Thomas and the State requested that the court give the pattern jury instruction on the definition of aggravated assault.[4] During the charge conference, the trial court indicated that it would give the requested charge on aggravated assault. Following the close of evidence, the trial court gave the pattern jury charge on aggravated assault as set forth below:

> With respect to the offense of aggravated assault with a deadly weapon, a person commits the offense of aggravated assault when that person assaults another with a deadly weapon. To constitute such an assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the defendant attempted to cause a violent injury to the alleged victim or

---

[4] In their requests to charge, neither the State nor Thomas set forth the specific language that the Court should charge; each side indicated only the number and heading associated with each pattern jury charge.

intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury.

The State must also prove as a material element of aggravated assault, as alleged in this case, that the assault was made with a deadly weapon.

I charge you that a firearm, when used as such, is a deadly weapon as a matter of law.

See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007), § 2.20.21.

The court instructed the jury that they would be authorized to return a guilty verdict

on the charge of aggravated assault with a deadly weapon if they found

beyond a reasonable doubt that [Thomas] in Fulton County, Georgia, did on or about the 9th day of October 2014, unlawfully commit an assault upon the person of Shinnara Gee by shooting him with a handgun, the same being a deadly weapon, as alleged in the bill of indictment, you would be authorized to find [Thomas] guilty of the offense of aggravated assault with a deadly weapon. The court further instructed the jury that the "burden of proof rests on the State to prove every material allegation of the indictment and every essential element of the crime or crimes charged beyond a reasonable doubt." When asked if there were any exceptions or objections to the charge, defense counsel stated that he had no objections. The trial court sent the indictment out with the jury for their deliberations. During deliberations, the jury submitted the following note to the court:

6

Do we go by the wording in the indictment or by [the] definition provided to us; e.g., aggravated assault?

Verbiage in the indictment reads: 9th day of October, 2014, did unlawfully commit an assault upon the person [of] Shinnara Gee by shooting him with a handgun, the same being a deadly weapon.

Shoot or Discharge of a firearm? Threat of shooting?

Following discussion with the prosecutor and defense counsel, the trial court informed the jury that

[a] crime may be committed in a number of ways. There is a statutory definition. When the State accuses a person of a crime, they are required to prove that the crime was committed in the manner that it was alleged in the indictment. So, what you are to determine is whether the State has proven beyond a reasonable doubt that the offense occurred in the manner that it was alleged in the indictment. The definition that you have been given is a generic definition of aggravated assault.

We have previously held that "[i]t is error to charge the jury that an aggravated assault may be committed in a method not charged in the indictment." *Cato v. State*, 304 Ga. 496, 498 (2) (820 SE2d 41) (2018) (citation and punctuation omitted). Here, because the indictment specifically charged Thomas with aggravated assault by shooting, the trial court's instruction that the jury may find Thomas guilty based on

7

placing the victim in reasonable fear of receiving a violent injury was erroneous, and the error was obvious. See *Talton v. State*, 254 Ga. App. 111, 111-112 (1) (561 SE2d 139) (2002) (where indictment specifically charged defendant with committing aggravated assault by shooting victim with a pistol, jury instruction which defined aggravated assault as "an act which places another person in immediate apprehension of receiving a violent injury" was error).

Even if the trial court's charge on aggravated assault was erroneous, this does not end our inquiry. A trial court may cure an erroneous jury instruction by "provid[ing] the jury with the indictment and instruct[ing] the jury that the State was required to prove every material allegation in the indictment and every essential element of the crime charged beyond a reasonable doubt." *Simpson*, 302 Ga. at 877 (2); *Williams v. Kelley*, 291 Ga. 285, 286-287 (728 SE2d 666) (2012) (limiting instruction cured defect in court's charge on aggravated assault). Here, the trial court's limiting instruction charged the jury that they were to determine "whether the State has proven beyond a reasonable doubt that the offense occurred in the manner that it was alleged in the indictment." The trial court provided the jury with a copy of the indictment for their deliberations, and explained that the indictment and Thomas's plea of not guilty formed the issue the jury was to decide. Under these circumstances,

8

the trial court sufficiently cured any error in its charge on aggravated assault.[5]

*Williams*, 291 Ga. at 286-287.

Moreover, it is axiomatic that appellate courts review the trial court's charge to the jury as a whole "to determine whether the jury was fully and fairly instructed on the law of the case." *Manning v. State*, 303 Ga. 723, 728 (4) (814 SE2d 730) (2018). Here, the trial court specifically instructed the jury that the "burden of proof rests on the State to prove every material allegation of the indictment and every essential element of the crime or crimes charged beyond a reasonable doubt." The

---

[5] As to the third prong of plain error review, Thomas contends that the outcome of the trial was likely affected by the improper instruction. We disagree. "Satisfying all four prongs of [the plain error] standard is difficult, as it should be." *Kelly*, 290 at 33 (2) (a) (citation and punctuation omitted). Here, the jury found Thomas not guilty of felony murder predicated on the offense of aggravated assault by shooting Gee, but guilty of aggravated assault. The jury also found Thomas not guilty of felony murder predicated on possession of a firearm by a convicted felon, but guilty of the predicate offense of possession of a firearm by a convicted felon. We "cannot know and should not speculate why a jury acquitted on one offense and convicted on another offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity." *Turner v. State*, 283 Ga. 17, 20 (2) (655 SE2d 589) (2008) (citations and punctuation omitted). As discussed above, the trial court cured any potential defect in its instructions to the jury, and we need not inquire into the jury's deliberations. See *Machado v. State*, 300 Ga. App. 459, 462-463 (5) (685 SE2d 428) (2009) (in instructing the jury that the offense of child molestation could be committed in a manner different from that charged in the indictment, trial court cured any error by other instructions that limited the jury's consideration to the specific manner of committing the offense as alleged in the indictment).

trial court instructed the jury on reasonable doubt, the jury's consideration of the evidence, and criminal intent. Given the specific language in the indictment, and the trial court's curative instruction, the jury was required to find beyond a reasonable doubt that Thomas shot the victim with a handgun in order to find him guilty of aggravated assault with a deadly weapon. When viewed as a whole, we find the jury charge did not impermissibly broaden the manner in which the jury could convict Thomas of aggravated assault, nor did it relieve the State of its burden of proving that Thomas shot Gee in order for the jury to find Thomas guilty of that crime. Accordingly, the trial court erred in concluding that its instructions to the jury constituted plain error.

2. Here, the trial court granted Thomas's motion for a new trial on the ground that its charge to the jury was erroneous, but did not reach the remaining grounds asserted in Thomas's motion. Accordingly, we "remand this case to the trial court to consider the issues that were raised but not yet ruled upon." *State v. Nicholson*, 321 Ga. App. 314, 320 (3) (739 SE2d 145) (2013).

*Judgment reversed and case remanded. Dillard, C. J., and Hodges, J., concur.*

10