A06A1791. EINGLETT v. THE STATE.
(642 SE2d 160)

ANDREWS, Presiding Judge.

Bradley Einglett appeals from the judgment entered after a jury convicted him of burglary. Einglett was also charged with armed robbery and claims on appeal that because the jury found him not guilty of the armed robbery charge, it could not then find him guilty of burglary. Einglett also claims that the trial court erred in holding that he did not receive ineffective assistance of counsel. For reasons that follow, we find no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. Police arrested Einglett after the victim Michael Carpenter called and reported that Einglett had stolen $500 from him. Carpenter said Einglett came to his door pretending to sell cable services. According to Carpenter, after he let Einglett come in the house, Einglett held a pistol to his head and demanded money.

Carpenter's girlfriend, who was in the house at the time, recognized Einglett and was able to identify him to police. Both Carpenter and his girlfriend testified at trial and positively identified Einglett as the man who robbed them.

Einglett testified that on the day in question, he went to Carpenter's house because he owed Carpenter money for marijuana and could not pay it. Einglett said he was trying to work something out with Carpenter, but Carpenter would not agree and became angry. Einglett denied having a gun and denied threatening anyone.

In his defense, Einglett called a witness who testified that he had seen Carpenter sell marijuana to Einglett on several occasions.

Einglett himself testified that he had been convicted of drug offenses and that he was a drug addict. He stated that Carpenter would supply him with drugs and sometimes give him drugs to sell.

One of the detectives assigned to the case testified that Einglett stated at his probable cause hearing that "Mr. Carpenter is a drug dealer, and I took marijuana from him, but that's not what he told the police. He told the police I took five hundred dollars, which was false. He couldn't call the police and tell them I took marijuana." Einglett said that what he meant to say was not that he took the marijuana, but that Carpenter gave him the marijuana.

The jury found Einglett guilty of burglary and not guilty of armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. This appeal followed.

1. In his first enumeration of error, Einglett argues that the verdicts are mutually exclusive. The indictment for the burglary count stated that Einglett did "unlawfully [and] without authority and with the intent to commit a felony, to wit: Armed Robbery, therein, enter the dwelling house of another. . . ." Einglett contends that the jury could not find him guilty of burglary without finding him guilty of the underlying felony, armed robbery.

We disagree. This verdict is inconsistent, not mutually exclusive. The inconsistent verdict rule in criminal cases was abolished in this state two decades ago in *Milam v. State*, 255 Ga. 560, 562 (341 SE2d 216) (1986). In that case, the Court

> adopted the federal standard set forth in *United States v. Powell*, 469 U. S. 57 [(105 SC 471, 83 LE2d 461) (1984)] and *Dunn v. United States*, 284 U. S. 390 (52 SC 189, 76 LE 356) (1932). In *Powell*, the United States Supreme Court rejected "as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." *Smashum v. State*, 261 Ga. 248, 249 (2) (403 SE2d 797) (1991). *Powell* also made clear that the inconsistent verdict rule applies to inconsistencies between verdicts of acquittal and verdicts of conviction and has no application to cases involving mutually exclusive multiple convictions. *Powell*, 469 U. S. at 69, n. 8.

*Shepherd v. State*, 280 Ga. 245, 248-249 (1) (626 SE2d 96) (2006).

On the other hand,

> [v]erdicts are mutually exclusive "where a *guilty verdict* on one count logically excludes a *finding of guilt* on the other." (Emphasis supplied.) *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003), citing *United States v. Powell*, [supra]. Thus, the rule against mutually exclusive verdicts applies to multiple guilty verdicts which cannot be logically reconciled; the rule is not implicated where, as here, verdicts of guilty and not guilty are returned. *Dumas v. State*, 266 Ga. 797 (2) (471 SE2d 508) (1996).

(Punctuation omitted.) *Shepherd*, supra at 248 (1).

2. Next, Einglett claims he received ineffective assistance of counsel. He contends that trial counsel was ineffective in that he failed to move to sever the possession of a firearm by a convicted felon charge and also failed to object to the admission of Einglett's prior felony convictions.

To establish ineffective assistance of counsel, Einglett must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict absent the error of counsel. *Gross*, supra. In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Further, Einglett must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991).

Trial counsel testified at the hearing that the strategy in this case was that Einglett was a drug addict, not an armed robber. Accordingly, his prior convictions on drug-related offenses were not objected to because they showed that he had a long history of drug problems. "Trial strategy and tactics do not equate with ineffective assistance of counsel." (Punctuation and footnote omitted.) *Caylor v. State*, 255 Ga. App. 362, 364 (1) (566 SE2d 33) (2002). In addition, Einglett took the stand and testified about his drug convictions; therefore, because this evidence would have been before the jury anyway, Einglett can show no harm as a result of this claim of ineffectiveness. *Morrison v. State*, 251 Ga. App. 161, 163 (554 SE2d 190) (2001). See also *Maddox v. State*, 263 Ga. App. 507, 509 (588 SE2d 305) (2003) (actions of trial counsel that resulted in no harm to defendant do not provide any basis for a finding of ineffective assistance).

State's Exhibit 3, however, was an indictment which charged Einglett with nondrug related offenses, including burglary, aggravated assault, simple assault, criminal damage to property and criminal trespass. But, the officer did not read the charges in court; and, although the transcript shows that the prosecutor stated, "[p]ublish these two exhibits to the jury," Exhibit 3 did not go out with the jury. During deliberations, the jury requested Exhibit 3 and the court refused, instructing them that "You must decide the case on your recollection of the testimony and the evidence which has been submitted to you."

We conclude that there was no harm as a result of defense counsel's failure to object to this evidence. The charges were never read to the jury, there is no evidence that the jury members actually read the indictment, the indictment did not go out with the jury, and the court instructed the jury that they must decide the case on the evidence given them. Accordingly, we cannot say that Einglett has carried his burden of showing that, but for counsel's deficient performance, the outcome of the trial would have been different. See, e.g., *Holsey v. State*, 281 Ga. 177, 180 (637 SE2d 32) (2006).

*Judgment affirmed. Barnes, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 8, 2007.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney*, for appellee.