S12A1650. THE STATE v. JAMES et al.
(738 SE2d 601)

Benham, Justice.

The State has filed a timely direct appeal from the trial court's grant of new trials to appellees Christopher James and Herman Lawson, co-indictees who were convicted in 2008 of malice murder in separate jury trials in the Superior Court of Fulton County. See OCGA § 5-7-1 (a) (7). After conducting a de novo review of the trial court's ruling, we conclude the trial court erred and reverse the trial court's order granting new trials to James and Lawson.

Appellees James and Lawson and two other men were charged in an indictment with the August 2005 murders of Jeremiah Ingram and Fatima Fisher. James and Lawson were convicted of murder in separate trials; another co-defendant was acquitted in a trial that took place after the trials of appellees; and the fourth co-indictee pled guilty to a charge of voluntary manslaughter. Both appellees filed timely motions for new trial and after conducting a hearing on appellee James's motion, the trial court issued an order in September 2011 that granted new trials to both appellees. The trial court based its grant of new trials on the unavailability at appellees' trials of a piece of evidence that was available at the trial of the co-indictee who was acquitted. The evidence at issue is the second page of the three-page investigative summary compiled by the Office of the Fulton County Medical Examiner.[1] The trial court called the missing page a "critical piece of evidence" and ruled that new trials were required. The trial court reasoned that, without the missing page, appellees were denied the ability to better fix the time of death, an important factor in the trials, and were unable to stress in their closing arguments and during their cross-examination of the only eyewitness who testified, that the deaths occurred anywhere from 30

---

[1] The missing page, denoted as "Page 2 of 3," described both victims as being "warm to the touch and show[ing] no signs of rigor mortis," noted that neighborhood residents had told police of hearing gunshots at daybreak, and reported that the bodies of the victims were found by a passerby at 8:30 a.m.

to 90 minutes prior to the discovery of the bodies.[2] Although the trial court's order does not cite *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), based on our review of the amended motions for new trial and the transcript of the hearing on James's motion for new trial, we conclude that the trial court granted the motion on a special ground: that appellees' lack of access to the missing page was a *Brady* violation.

1. Appellees maintain the trial court did not abuse its discretion in granting them new trials. While the first grant of a new trial on the general grounds is reviewed for abuse of discretion (see OCGA § 5-5-50), we review de novo the trial court's first grant of a new trial on a special ground involving a question of law. *O'Neal v. State*, 285 Ga. 361, 362-363 (677 SE2d 90) (2009). See also *State v. Kelly*, 290 Ga. 29, 30-31 (718 SE2d 232) (2011); *State v. Clements*, 289 Ga. 640 (1) (715 SE2d 59) (2011). The grant of new trials to James and Lawson was based on a special ground and therefore will be reviewed de novo.

2. Both appellees contended in their respective amended motions for new trial that the State violated *Brady v. Maryland*, supra, by suppressing evidence favorable to the accused, i.e., the second page of the medical examiner's report, that could be used to impeach the testimony of the sole eyewitness. To prevail on their *Brady* claim, appellees were required to show four factors: (1) the State, including any part of the prosecution team, possessed evidence favorable to the defendant;[3] (2) the defendant did not possess the favorable evidence and could not obtain it himself with any reasonable diligence; (3) the State suppressed the favorable evidence; and (4) a reasonable probability exists that the outcome of the trial would have been different had the evidence been disclosed to the defense. *Schofield v. Palmer*, 279 Ga. 848, 852 (621 SE2d 726) (2005). Pretermitting a discussion on whether the medical examiner is part of the prosecution team[4] and whether a reasonable probability exists that the outcome of the trial

---

[2] The trial court made it clear in its order that it found no evidence of malfeasance or misfeasance with regard to the missing page, noting that the copy in the prosecutor's case file was also missing the second page. The trial court surmised it was the result of photocopying the three-page report without realizing the report was a two-sided document.

[3] Impeachment evidence falls within the *Brady* rule. *Schofield v. Palmer*, 279 Ga. 848, 852 (621 SE2d 726) (2005).

[4] A prosecutor is presumed to have knowledge of all information gathered in connection with his or her office's investigation of the case and has a duty to learn of favorable evidence known to others acting on the government's behalf in the case. *Head v. Stripling*, 277 Ga. 403 (1) (A) (590 SE2d 122) (2003). Whether a person is on the prosecution team is analyzed on a case-by-case basis, taking into account whether the person is acting on the government's behalf in the case and the extent of interaction, cooperation, and dependence of the agents working on the case. Id. Employees of the Georgia Crime Lab were found to be part of the prosecution team in *Harridge v. State*, 243 Ga. App. 658 (1) (534 SE2d 113) (2000), while an employee of the

would have been different had the defense received the missing page, is the fact that James and Lawson did not establish that the missing page could not have been obtained with any reasonable diligence. Evidence is not regarded as "suppressed" by the government when the defendant has access to the evidence before trial by the exercise of reasonable diligence. *United States v. Senn*, 129 F3d 886, 892-893 (7th Cir. 1997), abrogated on other grounds by *United States v. Vizcarra*, 668 F3d 516 (7th Cir. 2012). James and Lawson had in their possession before trial the medical examiner's report, the clearly-marked pagination of which[5] put them on notice that the report was three pages long and that they had not received a complete report since they had received only two pages. The defense team for the third co-indictee, which had received the same report received by James and Lawson, realized that a page was missing from the report and obtained the missing page prior to the trial of the third co-indictee. That their co-indictee's defense team recognized that a page was missing and obtained it defeats appellees' claim of suppression. *United States v. Pelullo*, 399 F3d 197, 215 (3rd Cir. 2005). "Thus, the defendants are hoisted by their own petard: without [the co-indictee] having obtained [the missing page,] they would not have a *Brady* argument, but the ease with which [the co-indictee] obtained [the missing page] defeats their claim[s]." *United States v. Senn*, supra, 129 F3d at 893.

Having reversed the trial court's grant of the motions for new trial, we reinstate appellees' convictions and sentences and remand the case to the trial court for a ruling on the remaining grounds set forth in appellees' amended motions for new trial. *State v. Clements*, 289 Ga. 640 (6) (715 SE2d 59) (2011).

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 18, 2013.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*Raina J. Nadler, Barbara M. Collins*, for appellees.

---

Department of Family and Children Services was found not to be part of the prosecution team in *Black v. State*, 261 Ga. App. 263 (3) (582 SE2d 213) (2003).

[5] The pages of the medical examiner's report received by Lawson and James were denoted as "Page 1 of 3" and "Page 3 of 3."