**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 8, 2015**

# In the Court of Appeals of Georgia

A15A0072. THE STATE v. REYNOLDS.

DILLARD, Judge.

A jury convicted Shareef Reynolds of two counts of aggravated assault, two counts of false imprisonment, armed robbery, burglary, theft by taking, possession of a firearm during the commission of a felony, possession of marijuana less than one ounce, and possession of a firearm by a convicted felon. Thereafter, Reynolds retained new counsel and filed a motion for a new trial, which the trial court granted because it found that he received ineffective assistance of counsel when his trial counsel intentionally elicited testimony about his prior drug convictions. The State appeals, arguing that the trial court erred in granting Reynolds a new trial because his counsel's decision to present evidence of his prior convictions was in furtherance of a reasonable trial strategy. We agree, and for the reasons set forth *infra*, reverse.

In the case *sub judice*, the evidence shows that on July 20, 2007 at around 3:00 a.m., the victims, two female roommates, were asleep in an upstairs bedroom of their home when two men kicked in the balcony door to the bedroom, pointed guns at them, demanded money, and told the victims to give them "everything that [they] had." Then, one of the perpetrators pointed a gun at a victim and asked where she kept her money. The victim grabbed the gun, but the assailant pulled it back and struck her in the face with it. At some point, a third man—later identified as Reynolds—arrived and held the victims at gunpoint while the other men ransacked the home. And when one of the victims began praying out loud, Reynolds told her that "he was trying to make this a robbery, don't make it into a homicide." In the end, the perpetrators stole several items from the victims, including an Xbox, a computer, clothes, a necklace, $800 in cash, and a car. Immediately after the perpetrators left, the victims called 911 to report the robbery. A few minutes later, a police officer arrived, and the victims provided him with a detailed description of their attackers.

Shortly thereafter, an officer with the Palmetto Police Department heard a radio alert to be on the look out for a "getaway car" connected to a home invasion. Three to four minutes later, the officer observed a vehicle, with two male occupants, that matched the description of the stolen car. The officer activated his flashing lights to

stop the vehicle, but instead of stopping, the vehicle slowed down and the men fled from the car. The driver and passenger sprinted in opposite directions, and the officer gave chase to the driver. After the driver—who was later identified as Mark Newsome—was detained, the officer provided a description of the passenger to other officers who arrived on the scene, and eventually, one of them apprehended a man matching that description. The passenger—who was later identified as Reynolds—had mud and debris on his clothes, and was in possession of marijuana. During the investigation that ensued, weapons and items that were taken from the victims were found inside the stolen car. Additionally, a latent fingerprint, which matched Reynolds's right thumbprint, was lifted from the exterior of the stolen car near the right front-door handle.

Reynolds and Newsome were charged, via indictment, with two counts of aggravated assault, two counts of false imprisonment, armed robbery, burglary, theft by taking, possession of a firearm during the commission of a felony, possession of marijuana less than one ounce, and possession of a firearm by a convicted felon. And after a joint trial, a jury convicted them of all charges.[1]

---

[1] In a separate appeal, we affirmed Newsome's convictions, but vacated in part, and remanded for resentencing.

Reynolds obtained new counsel and filed a motion for a new trial, arguing, *inter alia*, that he received ineffective assistance of counsel when his trial counsel presented evidence that he had two prior convictions for intent to distribute cocaine. After a hearing, the trial court granted Reynolds's motion, finding that, instead of presenting evidence of Reynolds's convictions, effective counsel would have objected to the admission of those convictions in the event that the State sought to admit them. The court further noted that, if the State had attempted to introduce Reynolds's prior convictions to impeach him, the convictions would have been inadmissible because the State did not have certified copies. In sum, the court concluded that, having heard the evidence in the case and judged the credibility of the witnesses, there was a probability of a different result if the convictions had not been introduced. This appeal by the State follows.[2]

In its sole enumeration of error, the State argues that the trial court erred in granting Reynolds's motion for a new trial because his trial counsel's decision to present evidence of his prior convictions was in furtherance of a reasonable trial strategy. Specifically, the State contends that counsel's reasonable strategy was to

---

[2] *See* OCGA § 5-7-2 (c) ("[T]he granting of a motion for new trial or an extraordinary motion for new trial shall be considered a final order.").

4

portray Reynolds as a drug dealer to support the defense's theory that his fingerprint was found on the stolen car because he sold drugs to someone driving the same car, not because he was involved in the armed robbery. We agree.

At the outset, we note that, while the first grant of a new trial on general grounds is reviewed for abuse of discretion,[3] this Court reviews "de novo the trial court's first grant of a new trial on a special ground involving a question of law."[4] And here, the trial court granted Reynolds a new trial on a special ground, namely that defense counsel's deficiencies were so serious that they deprived Reynolds of his

---

[3] *State v. James*, 292 Ga. 440, 441 (1) (738 SE2d 601) (2013); OCGA § 5-5-50 ("The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge.").

[4] *James*, 292 Ga. at 441 (1); *accord State v. Kelly*, 290 Ga. 29, 30-31 (718 SE2d 232) (2011); *O'Neal v. State*, 285 Ga. 361, 363 (677 SE2d 90) (2009); *see* OCGA § 5-5-25 ("In all motions for a new trial on other grounds not provided for in this Code, the presiding judge must exercise sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts.").

Sixth Amendment[5] right to effective assistance of counsel.[6] And the determination of whether Reynolds received effective assistance of counsel "involves a mixed question of law and fact, which requires the Court to employ two different standards of review."[7] Accordingly, we review *de novo* the trial court's decision as to any questions of law, while applying the clearly-erroneous standard of review to the trial court's factual findings and credibility determinations.[8]

Specifically, in evaluating claims of ineffective assistance of counsel, we apply the two-pronged test established in *Strickland v. Washington*.[9] Under this test, the

---

[5] *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence."); Georgia Const. Art. 1, § 1, ¶ XIV ("Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel . . . .").

[6] *See State v. Shelton*, 329 Ga. App. 582, 583 (765 SE2d 732) (2014) (noting that the trial court granted a motion for a new trial based on the special ground of ineffective assistance of counsel); *Lowe v. State*, 241 Ga. App. 335, 338 (3) (526 SE2d 634) (1999) (characterizing a motion for a new trial based on ineffective assistance of counsel as one based on a special ground); *Ivory v. State*, 234 Ga. App. 858, 861 (4) (508 SE2d 421) (1998) (same).

[7] *Shelton*, 329 Ga. App. at 583.

[8] *See Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000); *Shelton*, 329 Ga. App. at 583; *State v. Wakefield*, 324 Ga. App. 587, 587-88 (751 SE2d 199) (2013).

[9] 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984); *see also Ashmid v. State*, 316 Ga. App. 550, 556 (3) (730 SE2d 37) (2012).

appellant first must show that counsel's performance was deficient and, second, that he was prejudiced by counsel's deficient performance.[10] Moreover, there is a "strong presumption" that trial counsel's performance falls within the wide range of reasonable professional assistance, and that "any challenged action by trial counsel might be considered sound trial strategy."[11] In applying the second prong, the question is whether "there exists a reasonable probability that, but for his counsel's errors, the jury would have had reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12] While this burden is not impossible to carry, it is "a heavy one."[13] With these guiding principles in mind, we turn now to the State's specific claim of error.

At the outset, we note that Reynolds testified in his own defense and denied any involvement in the robbery. But Reynolds admitted that he was found to be in

---

[10] *Ashmid*, 316 Ga. App. at 556 (3); *see also Strickland*, 466 U.S. at 687 (III).

[11] *Ashmid*, 316 Ga. App. at 556 (3) (punctuation omitted); *see also Strickland*, 466 U.S. at 689 (III) (A).

[12] *Ashmid*, 316 Ga. App. at 556 (3) (punctuation omitted); *Strickland*, 466 U.S. at 694 (III) (B).

[13] *Williams v. State*, 292 Ga. 844, 847 (3) (742 SE2d 445) (2013); *see Miller v. State*, 296 Ga. 9, 12 (4) (764 SE2d 823) (2014) (same).

possession of less than one ounce of marijuana. And as to a possible explanation for why his thumbprint was found on the stolen car, Reynolds testified that, two days before the robbery, he sold drugs to an acquaintance who was driving the same car. Reynolds further testified that, during this transaction, he leaned into the passenger-side window, and that he "probably touched [the] car more than once." Then, the following exchange between Reynolds and his counsel occurred:

Q. Have you ever been in trouble with the law before . . . ?

A. Yes. I got a lot of possession with intent charges. I got two of them, two possession with the intent to deliver cocaine.

Q. Now, let's slow down and make sure the jury understands exactly what you are saying, okay?

A. I was selling crack in Delaware, and I got locked up twice for selling crack.

Q. So you got arrested two different times in Delaware for selling crack cocaine?

A. Yes, Sir.

Later, during his closing argument, defense counsel emphasized Reynolds's testimony that his thumb came into contact with the stolen car during a drug transaction and reminded the jury that "[he] was selling drugs, [he] was selling marijuana, [he] sold cocaine back in Delaware."

As previously noted, the State contends that Reynolds's counsel was not ineffective because it was a reasonable trial strategy for defense counsel to portray him as a drug dealer in an effort to show that his thumbprint was found on the car due to a drug transaction, not as a result of his involvement in the robbery. In this regard, the Supreme Court of Georgia has held that matters of trial strategy and tactics "do not amount to deficient performance unless they are so unreasonable that no competent attorney would have made them under similar circumstances."[14] And here, Reynolds's trial counsel did not testify at the motion-for-new-trial hearing,[15] which

---

[14] *Miller*, 296 Ga. at 12 (4) (a) (punctuation omitted); *see also Washington v. State*, 294 Ga. 560, 566 (3) (755 SE2d 160) (2014) (same).

[15] Reynolds did not subpoena his trial counsel to testify at the hearing, but his new counsel made several unsuccessful attempts to contact his trial counsel, who no longer resided in Georgia.

9

makes it "extremely difficult to overcome the presumption that counsel's conduct resulted from reasonable trial strategy."[16]

In *Henderson v. State*,[17] the Supreme Court of Georgia held, under similar factual circumstances, that a defendant's trial counsel was not ineffective for eliciting testimony that portrayed his client as a drug dealer because it was a reasonable trial strategy to elicit such testimony to show that the defendant was present at the scene of an armed robbery to sell drugs, not to commit a pre-planned robbery.[18] Thus, our Supreme Court concluded that the defendant had "failed to overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct."[19]

Similarly, in *Einglett v. State*,[20] we held that trial counsel's strategy of attempting to portray his client as a drug addict, rather than as an armed robber, was

---

[16] *Brown v. State*, 288 Ga. 902, 908 (5) (708 SE2d 294) (2011) (punctuation omitted); *see also Lewis v. State*, 302 Ga. App. 506, 509 (b) (691 SE2d 336) (2010) (presuming that a defense counsel's decision not to call a witness was a matter of trial strategy because counsel did not testify at the motion-for-new-trial hearing).

[17] 285 Ga. 240 (675 SE2d 28) (2009).

[18] *Id.* at 242-43 (2) (b).

[19] *Id.* (punctuation omitted).

[20] 283 Ga. App. 497 (642 SE2d 160) (2007).

10

a reasonable trial strategy.[21] In *Einglett*, the defendant was tried for burglary and armed robbery, and two eyewitnesses identified him as being at the residence where the crimes allegedly took place.[22] The defense presented testimony that the victim was a drug dealer, who had purchased drugs from the defendant on several occasions.[23] On cross-examination, the State presented evidence of the defendant's prior drug-related offenses, and defense counsel did not object.[24] Under these particular circumstances, we held that trial counsel was not ineffective for declining to object to the admission of the defendant's prior drug convictions when his counsel's strategy was to show that his client "had a long history of drug problems."[25]

Here, as in *Einglett* and *Henderson*, we simply cannot say that trial counsel's strategy—eliciting testimony regarding Reynolds's history of drug-related offenses in an attempt to exculpate him from the more serious charges related to the armed robbery—was so unreasonable that *no competent attorney* would have pursued it

---

[21] *Id.* at 499 (2).

[22] *Id.* at 497.

[23] *Id.* at 497-98.

[24] *Id.* at 499 (2).

[25] *Id.*

11

under similar circumstances.[26] And while we defer to the trial court's credibility determinations and findings of fact unless they are clearly erroneous,[27] no testimony or other evidence was presented at the motion-for-new-trial hearing that required findings of fact or credibility determinations. Thus, the trial court necessarily determined, as to the deficiency prong of *Strickland*, that trial counsel's chosen trial strategy was deficient as a matter of law, and we owe no deference to that conclusion.[28]

We acknowledge that, in evaluating whether Reynolds's was prejudiced by counsel's allegedly deficient conduct under the second prong of *Strickland*, the trial court noted that it had considered the evidence presented at trial and judged the credibility of the witnesses. But as our Supreme Court has explained, the failure to satisfy either prong of the *Strickland* test will "defeat an ineffective assistance of

---

[26] *See Washington*, 294 Ga. at 566 (3) (holding that matters of trial strategy and tactics do not amount to deficient performance unless they are "so unreasonable that no competent attorney would have made them under similar circumstances"); *Miller*, 296 Ga. at 12 (4) (a) (same).

[27] *See supra* footnote 8.

[28] *See Suggs*, 272 Ga. at 88 (4) (explaining that, in the context of an ineffective-assistance-of-counsel claim, appellate courts "owe no deference to the trial court's legal conclusions").

12

counsel claim."[29] And because Reynolds failed to show that his counsel's trial strategy was deficient as a matter of law, we conclude that the trial court erred in granting Reynolds's motion for a new trial.

For all of the foregoing reasons, we reverse.

*Judgment reversed. Ellington, P. J., and McFadden, J., concur.*

---

[29] *Barker v. Barrow*, 290 Ga. 711, 712 (723 SE2d 905) (2012); *see Freeman v. State*, 278 Ga. 349, 352 (2) (c) (603 SE2d 214) (2004) ( The "failure to satisfy either prong of the test for ineffective assistance of counsel is fatal to the claim of ineffectiveness.").