In the Supreme Court of Georgia

Decided: June 6, 2016

S16A0397.  THE STATE v. ALVAREZ.

BENHAM, Justice.

Appellee Pedro Alvarez was tried by a jury and convicted of malice murder and other offenses arising out of the shooting death of Ainsley Jackson.[1] Immediately before the shooting, appellee observed Jackson and appellee's brother, known as "Nunu" Alvarez, engage in a fist fight over the sale of cocaine to a person they both claimed as a customer.  After appellee's brother lost the fight, appellee retrieved a shotgun from a nearby apartment, went back outside, and fired two shots at Jackson.  Although the brother was subpoenaed to testify at trial, he failed to appear.  In both its opening statement and closing argument,

[1] The crimes occurred on January 21, 2010.  On April 23, 2010, a Fulton County grand jury returned an indictment against appellee charging him with malice murder, felony murder, aggravated assault with a deadly weapon, and possession of a firearm during commission of a felony.  Appellee was tried June 20-June 27, 2011, and the jury returned a verdict of guilty on all counts.  The felony murder conviction was vacated as a matter of law, and the conviction for aggravated assault merged into the murder conviction for sentencing purposes.  Appellee was sentenced to life in prison for malice murder and the trial court imposed a five-year sentence for the possession of a firearm conviction, which was suspended.  Appellee filed a timely motion for new trial which was twice amended.  After a hearing, the trial court granted the motion for new trial, as amended, by order dated August 5, 2014.  The State filed a timely notice of appeal, and the case was docketed in this Court to the January 2016 term of court for a decision to be made on the briefs.

the State referenced the statement the brother made to police shortly after the incident. Because the brother did not appear as a witness and his out-of-court statements were not entered into evidence, appellee objected to the reference made during the closing argument and the trial court sustained the objection. In his motion for new trial, appellee claimed the State nevertheless continued to reference the inadmissible statement. In granting the motion for new trial, the trial court found the State's conduct in referencing the brother's statement in its closing even after the court sustained appellee's objection, and in implying that the statement incriminated appellee, was improper and prejudiced appellee's right to a fair trial. The court also found it had committed plain error when it failed to instruct the jury that the State had the burden of proving beyond a reasonable doubt that appellee's conduct was not justified despite being requested to do so in appellee's written requests to charge. The State filed this appeal, and we affirm.

1. We agree that appellee is entitled to a new trial as a result of plain error in the jury instruction regarding the appellee's defense of justification. Appellee's sole defense was justification, and evidence was presented to support this defense. Appellee requested a charge instructing the jury that the State had

2

the burden of disproving beyond a reasonable doubt that appellee was justified in his conduct. When the trial court failed to give the requested charge, trial counsel failed to object to this omission. Consequently, the claimed error must be reviewed under the plain error doctrine. See OCGA § 17-8-58 (b).[2]

> In considering whether plain error is shown, this Court has stated:
>
> Reversal is authorized if all four prongs of the standard adopted in [*State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011)] are met: the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*White v. State*, 291 Ga. 7, 8 (2) (727 SE2d 109) (2012). The failure to give the requested instruction on appellee's affirmative defense of justification was erroneous in this case because evidence was presented to support the defense and the charge requested is a correct statement of the law. See *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999). Given the longstanding rule regarding the State's burden of disproving a defendant's affirmative defense in these circumstances, the error was obvious. The failure to give this instruction was

---

[2] Pursuant to OCGA § 17-8-58 (a), a party who objects to a jury charge or a failure to charge is required to inform the trial court of the objection before the jury retires to deliberate. Pursuant to OCGA § 17-8-58 (b), if a party fails to object as required by subsection (a), appellate review is precluded "unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties."

all the more harmful in this case since, during the State's closing argument, the prosecuting attorney referenced the brother's absence as a trial witness and implied appellee had a duty to present this testimony if it would have confirmed appellee's justification defense.

We reject the State's assertion that the outcome of the proceedings was not likely to have been affected by the instruction because the evidence of justification was not credible. Sufficient evidence was presented from which a jury could find justification, and in fact, justification was the critical disputed issue at trial. In these circumstances, the failure to instruct the jury on the State's burden to disprove that defense likely affected the outcome and fairness of the proceeding, and we cannot say that the trial court erred in finding this failure to instruct was plain error. Cf. *Johnson v. State*, 295 Ga. 615 (759 SE2d 837) (2014) (appellant failed to show that the trial court's failure to give the requested instruction affected the outcome of the proceedings where the undisputed evidence established that the instruction was not applicable). We also reject the State's argument that because the instruction, taken as a whole, properly instructed the jury on the burden of proof and that appellee had a right to use force in a reasonable manner to defend himself, then plain error was not

4

established.  See *Bishop*, supra, 271 Ga. at 291 (2) (rejecting this argument by overruling *Bruce v. State*, 259 Ga. 798 (3) (387 SE2d 886) (1990)).  The trial court did not err in granting appellee's motion for new trial on the ground that plain error was created by the court's failure to instruct the jury that the State had the burden of disproving appellee's justification defense.

2.  We do not reach the remaining grounds for appeal, relating to rulings on the State's references in its opening statement and closing argument to Nunu Alvarez's statement to the police, because those alleged errors are unlikely to recur at retrial.  See *Stanbury v. State*, ___ Ga. ___ (3) (___ SE2d ___) (Case No. S16A0321, decided May 23, 2016) (2016).

Judgment affirmed.  All the Justices concur.