**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 7, 2017**

# In the Court of Appeals of Georgia

A16A1893. AGUILAR v. THE STATE.                          DO-063 C

DOYLE, Chief Judge.

After a jury trial, Jose Luis Aguilar, Jr., was convicted of one count of cruelty to a child in the first degree[1] and two counts of sexual battery as lesser-included charges of aggravated child molestation.[2] Aguilar appeals, arguing that the trial court erred by (1) failing to instruct the jury that lack of consent was an essential element of sexual battery; (2) allowing the State to present evidence of prior bad acts; (3) denying his request for a continuance; (4) prohibiting him from presenting good

---

[1] OCGA § 16-5-70 (b).

[2] OCGA § 16-6-22.1 (b). The jury acquitted Aguilar of two counts of rape, three counts of incest, two counts of aggravated child molestation, aggravated sodomy, and a separate count of cruelty to a child in the first degree. Preceding this appeal, Aguilar filed a motion for out of time appeal, which the trial court granted.

character evidence; (5) permitting the State to present cumulative bolstering evidence in support of the victim; and (6) denying his request to sever the trial for the charge of cruelty to a child in the first degree. For the reasons that follow, we affirm in part and reverse in part.

Viewed in the light most favorable to the verdict,[3] the record shows that in June 2011, A. A., Aguilar's daughter who was then 13 years old, made an outcry of sexual molestation against him.[4] A. A. alleged that Aguilar began sexually abusing her when she was nine years old, and he had committed various acts of sexual abuse against her, including rape and sodomy.

Aguilar testified at trial, denying any allegation of sexual conduct with A. A. On cross-examination, Aguilar admitted that he met A. A.'s mother when he was 24 and she was 14, but he testified that he believed she was 18. The couple became

---

[3] See *Hunt v. State*, 336 Ga. App. 821, 821-822 (783 SE2d 456) (2016) ("On appeal, we do not assess the weight of the evidence or the credibility of witnesses. Instead, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'") (emphasis in original), quoting *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[4] A. A.'s mother left her family when A. A. was very young, has no contact with the family, and her rights were subsequently terminated after A. A.'s outcry.

sexually active, and he testified that he learned she was 14 only after she became pregnant with A. A's oldest brother.

1. Aguilar first argues that the trial court erred by failing to instruct the jury that lack of consent was an element of sexual battery. We agree.

Because Aguilar "raised no objection to this charge, we review this enumeration only for plain error. Viewing the jury charges as a whole under the plain error standard, the correct inquiry is whether the instruction at issue was erroneous, whether it was obviously so, and whether the charge likely affected the outcome of the proceeding."[5]

In *Watson v. State*,[6] our Supreme Court reversed a conviction for sexual battery of a victim under the age of 16 on the basis that the trial court erroneously instructed the jury that lack of consent is presumed when the victim is under 16.[7] The jury instruction at issue here did not inform the jury that lack of consent is presumed when the victim is under 16; instead, the trial court instructed that "[a] person commits

---

[5] (Citation omitted.) *Fitzpatrick v. State*, 339 Ga. App. 135, 139-140 (2) (793 SE2d 446) (2016). See also OCGA § 17-8-58 (b).

[6] 297 Ga. 718 (777 SE2d 677) (2015).

[7] See id. at 720 (2). See also *Laster v. State*, __ Ga. App. __ (2) (Case No. A16A1801; decided Jan. 24, 2017).

sexual battery when that person intentionally makes physical contact with the anus or buttocks of a child under the age of 16." This jury instruction wholly failed to charge the essential element of the crime of sexual battery—lack of consent to the touching.[8] Moreover, because this crime was a lesser-included charge to the indicted crimes of aggravated child molestation, the trial court's earlier reading of the indictment could not save this instruction as to this essential element.[9]

Citing *Shepherd v. State*,[10] the State contends that this was invited error because Aguilar requested the lesser included charge and because when the trial court asked defense counsel responded "no" to the trial court's inquiry as to whether "consent was an issue." As explained by this Court in *Laster*, however, with regard to an under-16-year-old victim, courts in this State did not require the State to prove lack of consent as an element of the crime of sexual battery prior to the Supreme

---

[8] See *Laster*, __ Ga. App. at __ (2) ("the crime of sexual battery 'require[s] actual proof of the victim's lack of consent, regardless of the victim's age.'").

[9] Compare with *Miller v. State*, 289 Ga. 854, 861 (8) (717 SE2d 179) (2011) (holding that trial court's failure to charge on an essential element of the crime was saved by reading to the jury the language of the indictment, which contained all the essential elements of the crime).

[10] 217 Ga. App. 893 (459 SE2d 608) (1995) (physical precedent only).

4

Court's decision in *Watson*,[11] and thus, the State's argument is without merit.[12] Accordingly, because the instruction as given constituted plain error, we reverse the judgment as it relates to the two counts of sexual battery.

2. Next, Aguilar argues that the trial court erred by failing to sever the charge of cruelty to a child in the first degree from the remainder of the charges.

Count 9 charged Aguilar with committing cruelty to children in the first-degree by maliciously causing A. A. cruel and excessive physical and mental pain by physically and sexually abusing her in violation of OCGA § 16-5-70 (b). Aguilar filed a pre-trial motion to sever the charge, arguing that a risk of prejudice existed by presenting the law and evidence of this charge with the remaining eight counts. Nevertheless, "[w]hen in the sound discretion of the trial court, the number of offenses charged and the complexity of the evidence do not reasonably impinge upon a fair determination of the defendant's guilt or innocence as to each offense charged, a severance need not be granted."[13] Here, the allegation of cruelty to a child was

---

[11] See, e.g., *Engle v. State*, 290 Ga. App. 396, 398 (2) (659 SE2d 795) (2008), overruled in part by *Watson*, 297 Ga. at 721.

[12] See *Laster*, __ Ga. App. at __ (2).

[13] (Punctuation omitted.) *Machiavello v. State*, 308 Ga. App. 772, 774 (2) (709 SE2d 28) (2011).

predicated on the alleged sexual abuse perpetrated by Aguilar against A. A. over the course of multiple encounters. The same evidence supported the remaining eight counts in the indictment and would have been admissible in both trials had the trial court severed Count 9. Accordingly, the trial court did not abuse its discretion in denying the motion to sever.[14]

3. Next, Aguilar enumerates errors related to the State's evidence of prior bad acts regarding his relationship with A. A.'s mother that began when the mother was 14 years old.

Specifically, during trial, the State presented evidence of Aguilar's age in relation to A. A.'s mother's age at the time she became pregnant with A. A.'s oldest brother; the evidence was elicited without objection from Aguilar. At the close of Aguilar's case, the State moved for leave from the court to argue motive and intent based on evidence presented about Aguilar's and the mother's relationship.[15]

---

[14] See id.

[15] See OCGA §§ 24-4-404, 24-4-414 (a), (d) (1). Although not argued at trial or here, we note that at the time that Aguilar is alleged to have entered into a sexual relationship with A. A.'s mother, the age of consent in Georgia (the couple was in Mexico) was 14 years old. See OCGA § 16-6-4 (1994). It was not raised to 16 until passage of the Child Protection Act of 1995. See Ga. L. 1995, p. 957, § 3/HB 377.

(a) First, Aguilar argues that the trial court erred by allowing the State to argue to the jury that this evidence constituted a prior act of child molestation because it was not admissible as to the cruelty to children charge. Aguilar presents no citation of authority to support this contention. The indicted crime in Count 9 was predicated upon intentional sexual abuse resulting in mental and physical suffering, and therefore, for the same reason that the prior act would be admissible as to the other eight charges, the evidence would also be relevant to Count 9.[16]

(b) Aguilar also argues that the trial court erred by denying his request for a continuance after granting the motion to allow the State to present the evidence. We disagree, however, because the State notified Aguilar prior to trial that it intended to present similar transaction evidence vis a vis his relationships with A. A.'s mother, and although it initially denied the State's motion, the court concluded that it would leave the matter open for later argument during trial. Accordingly, there was no

---

[16] See OCGA § 24-4-414 (a) ("In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on *any matter to which it is relevant*.") (emphasis supplied). Cf. *Hunt v. State*, 336 Ga. App. 821, 823-824 (1) (a) (783 SE2d 456) (2016) (actions including child molestation resulting in mental distress of the victim support a guilty verdict for cruelty to children in the first degree); *Magarity v. State*, 212 Ga. App. 17, 21 (6) (440 SE2d 695) (1994) (same).

surprise to Aguilar, nor does he proffer any factual evidence in opposition to the similar transaction that he was prevented from presenting based solely on the denial of the continuance.[17]

4. Next, Aguilar argues that the trial court erred by prohibiting him from presenting good character evidence in defense of the maliciousness element of the charge of cruelty to a child. We disagree. Aguilar fails to proffer specific evidence he was prevented from presenting to the jury[18] or how any testimony as to general good

_____

[17] Specifically, at trial Aguilar testified that he believed A. A. was 18 when he began a sexual relationship with her, and he later discovered that she was 14 years old when she became pregnant. Aguilar proffered no evidence in support of his motion to continue that would have supported his mistake about her age or supported a finding that the mother was over 16 years old.

[18] See, e.g., *Goggins v. State*, 330 Ga. App. 350, 357 (3) (767 SE2d 753) (2014). In his brief, Aguilar cites to the record of his argument before the trial court on this issue. Those pages contain references to unnamed witnesses who he claimed would testify to having let Aguilar watch their children. During the argument, he gives the first name of one witness "Yolanda," who he claims was on his witness list but the State contended that no witness by that name appeared on his witness list. Aguilar presents no additional information on appeal about what the excluded testimony would have been, thereby failing to support his claim of error. "Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort so that both the trial court and the appellate court can know whether the evidence really exists. In the absence of such a proffer, the assignment of error is so incomplete as to preclude its consideration by this [C]ourt." See *Bearfield v. State*, 305 Ga. App. 37, 41 (2) (699 SE2d 363) (2010), quoting *State v. Winther*, 282 Ga. App. 289, 291 (638 SE2d 428) (2006).

8

parenting would have countered the underlying allegations of sexual abuse of A. A. that were the predicate acts supporting this count.

5. Finally, Aguilar contends that the trial court erred by permitting the State to present cumulative bolstering evidence from expert witnesses. Aguilar concedes that such testimony is permitted.[19] Moreover, Aguilar fails to identify any specific expert testimony that should have been excluded, citing instead to all of his objections to all of the experts.[20] Aguilar presents no citation to authority supporting a claim that the sheer number of experts results in error. In any event, the testimony was not cumulative because the various experts were called to testify as to the different roles they played in diagnosing or treating A. A. Accordingly, this enumeration is without merit.

*Judgment affirmed in part and reversed in part. Andrews and Ray, JJ., concur.*

---

[19] See, e.g., *Reinhard v. State*, 331 Ga. App. 235, 238 (2) (770 SE2d 314) (2015) (explaining that "the testimony of experts that certain medical or scientific tests resulted in findings consistent with molestation is admissible and proper. The fact that such testimony may also indirectly, though necessarily, involve the child's credibility does not render it inadmissible."); *Alford v. State*, 320 Ga. App. 523 at 529 (3) (738 SE2d 124) (2013) (collecting cases).

[20] See *Hunt v. State*, 336 Ga. App. 821, 828-829 (2) (b) (785 SE2d 456) (2016) ("'It is not this Court's job to cull the record on behalf of the [appellant] to find alleged errors.'"), quoting *Maxwell v. State*, 290 Ga. 574, 575 (2) (722 SE2d 763) (2012).