**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 18, 2017**

# In the Court of Appeals of Georgia

A17A0052. THE STATE v. CRIST.

DILLARD, Presiding Judge.

A jury convicted Carl Crist of three counts of sexual battery. Crist filed a motion for new trial, which the trial court granted because it found that, during the oral charge to the jury, it inadvertently omitted the elements of sexual battery. The State appeals, arguing that the trial court erred in granting Crist a new trial because he failed to carry his burden of establishing that the jury charge, taken as a whole, constituted plain error. We agree, and for the reasons set forth *infra*, reverse.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that on May 15, 2012, then-14-year-old D. M. reported to a teacher that her

---

[1] *See, e.g.*, *Powell v. State*, 310 Ga. App. 144, 144 (712 SE2d 139) (2011).

stepfather, Crist, had been molesting her. The school immediately contacted D. M.'s mother and the police, and D. M. made a report to a police officer.

When D. M. was approximately nine or ten years old, her mother began living with Crist. D. M. did not recall when the abuse began, but Crist frequently touched her on her chest, buttocks, and vagina with his hands. This happened more than 20 times. The abuse occurred in D. M.'s bedroom at night, while her mother was away at work. When Crist touched her, D. M. would tell him to stop and go away, and she would hit him. Although Crist would occasionally listen to her pleas, he continued to abuse D. M. At the time of her outcry, D. M. shared a bedroom with her three sisters, then twelve-year-old I. M., then four-year-old S. C., and then two-year-old A. C. At trial, I. M. confirmed that Crist would come into their room at night and "mess with" D. M. I. M. witnessed Crist pick up the covers on D. M.'s bed, and she heard D. M. yell at Crist to leave her alone and get out of their bedroom. I. M. also told police that Crist "molested" D. M. Moreover, D. M.'s mother argued with Crist about him going into the children's bedroom at night. She also discovered, on Crist's cell phone, a picture he had taken of D. M., from the waist down, sleeping. D. M. was wearing shorts in the picture, but her underwear was also showing.

At trial, the court admitted, over his objection, a portion of Crist's statement to police. Crist admitted to an investigator that he had gone into D. M.'s bedroom at night, and that he had physical contact with the child while in her room. Notwithstanding these admissions, Crist denied touching D. M. inappropriately. Crist told police that he believed D. M. had confused other behavior—such as his looking in D. M.'s bed for his cell phone, moving her leg onto the bed, and touching her waist to wake her up—with molestation.

Thereafter, Crist was charged by indictment with three counts of sexual battery and three counts of child molestation. The jury convicted him on all the sexual-battery counts and found him not guilty of the child-molestation counts. Crist filed a motion for new trial, arguing, *inter alia*, that the trial court failed to fully instruct the jury on the elements of sexual battery, in that the charge given by the court omitted the element of lack of consent. Following a hearing, the trial court granted Crist's motion, finding that, when it read the written instructions at the conclusion of the trial, it had inadvertently omitted the page of the instructions defining the crime of sexual battery. The court found that this was an obvious error. Although the written

3

instructions included the complete instructions on sexual battery,[2] the written instructions were provided to the jury before they began their deliberations, and the definition of sexual battery had been underlined by one of the jurors during deliberation, the trial court found that this was "unsubstantiated evidence that the error did not affect the outcome of the proceedings[.]" And the court declared that it would not "assume that all jurors read the definition of sexual battery in the jury room." The court further found that this error affected Crist's "substantial rights" and significantly affected the fairness, integrity, or public reputation of the judicial process because the jury should have been instructed on the elements of each crime at the same time to ensure fairness and "should not have been required to rely solely on the written charge." This appeal by the State follows.[3]

---

[2] The written instructions provided to the jury stated: "A person commits sexual battery when when [sic] that person intentionally makes physical contact with the genital area, groin/inner thigh, buttocks, or brests [sic] of another person without the consent of the other person." This instruction was based on the pattern jury instruction. *See* Suggested Pattern Jury Instruction, Vol. II: Criminal Cases (2016), § 2.38.70.

[3] *See* OCGA § 5-7-1 (a) (8) (An appeal may be taken by the State "[f]rom an order, decision, or judgment of a court granting a motion for new trial or an extraordinary motion for new trial[.]"). Crist filed a motion to dismiss the State's appeal on the basis that it failed to include an accurate jurisdictional statement in its brief, as required by Court of Appeals Rule 25 (a) (2). But the failure to include a jurisdictional statement "does not afford a basis for dismissal of the appeal."

4

In its sole enumeration of error, the State argues that the trial court erred in granting Crist's motion for new trial because the jury instructions, taken as a whole, properly instructed the jury on the elements of sexual battery, such that the omission of the instructions during the oral charge did not constitute plain error. Specifically, the State asserts that Crist failed to show that the omission of the oral instruction on the elements of sexual battery likely affected the outcome of the trial and the court impermissibly shifted the burden to the State to show no plain error. We agree.

Although Crist does not directly challenge the sufficiency of the evidence as to his convictions for sexual battery, the evidence was sufficient to sustain the guilty verdicts.[4] Additionally, while the "first grant of a new trial on general grounds is

*All-Georgia Dev., Inc. v. Kadis*, 178 Ga. App. 37, 38 (1) (341 SE2d 885) (1986). *See also Park v. Minton*, 229 Ga. 765, 768 (1) (194 SE2d 465) (1972) (noting that court rule requiring jurisdictional statement is "directory only, and not jurisdictional"). Furthermore, as set forth *supra*, jurisdiction is proper in this case under OCGA § 5-7-1 (a) (8).

[4] *See* OCGA § 16-6-22.1 (b) ("A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person."); *Watson v. State*, 297 Ga. 718, 719 (2) (777 SE2d 677) (2015) (same); *Hamrick v. State*, 304 Ga. App. 378, 378-79 (1) (696 SE2d 403) (2010) (holding that victim's testimony that the defendant touched his "private part" was sufficient to sustain conviction for sexual battery); *In the Interest of J. L. B.*, 280 Ga. App. 556, 560 (5) (634 SE2d 514) (2006) (holding that victim's testimony that juvenile grabbed her breasts, crotch, and buttocks was sufficient to support delinquency adjudication based on sexual battery); *see generally*

reviewed for abuse of discretion,"[5] this Court reviews "de novo the trial court's first grant of a new trial on a special ground involving a question of law."[6] And here, the trial court granted Crist a new trial on a special ground, namely that the court's failure to give an oral charge on sexual battery was plain error.

In beginning our analysis, it is important to note that under OCGA § 17-8-58, "[a]ny party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate." But Crist did not object to any portion of the trial court's jury instructions. His failure to so object precludes "appellate review of such portion of the jury charge, unless such portion of the jury

---

*Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[5] *State v. James*, 292 Ga. 440, 441 (1) (738 SE2d 601) (2013); *see* OCGA § 5-5-50 ("The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge.").

[6] *James*, 292 Ga. at 441 (1); *accord State v. Kelly*, 290 Ga. 29, 30-31 (1) (718 SE2d 232) (2011); *see* OCGA § 5-5-25 ("In all motions for a new trial on other grounds not provided for in this Code, the presiding judge must exercise sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts.").

charge constitutes plain error which affects the substantial rights of the parties."[7] In such cases, the proper inquiry is whether "the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings."[8] In this regard, our Supreme Court has adopted the four-part federal plain-error standard:

> First, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[9]

---

[7] OCGA § 17-8-58 (b); *see Alvelo v. State*, 290 Ga. 609, 614 (5) (724 SE2d 377) (2012) (holding that OCGA § 17-8-58 (b) requires an appellate court to review for plain error an alleged jury-instruction error to which no objection was raised at trial); *Wheeler v. State*, 327 Ga. App. 313, 318 (3) (758 SE2d 840) (2014) (same).

[8] *Alvelo*, 290 Ga. at 615 (5) (punctuation omitted); *accord Wheeler*, 327 Ga. App. at 318 (3).

[9] *Kelly*, 290 Ga. at 33 (2) (a) (punctuation and emphasis omitted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (II) (129 SCt 1423, 173 LE2d 266) (2009)); *accord Smart v. State*, 299 Ga. 414, 420-21 (3) (788 SE2d 442) (2016).

Consequently, because Crist failed to object to the jury charges, our review is limited to determining whether plain error occurred.[10] Moreover, as our Supreme Court has emphasized, satisfying the plain-error standard "is difficult, as it should be."[11] And the burden of establishing plain error falls squarely on the defendant.[12]

With these guiding principles in mind, we turn now to the State's specific claim of error. It is, of course, well established that "the charge to the jury is to be taken as

---

[10] *See* OCGA § 17-8-58 (b); *see also State v. Alvarez*, 299 Ga. 213, 214 (1) (790 SE2d 66) (2016) (noting that when trial counsel fails to object to a jury charge, appellate courts must review the issue under the plain-error doctrine); *Wheeler*, 327 Ga. App. at 318 (3).

[11] *Kelly*, 290 Ga. at 33 (2) (a) (punctuation omitted) (quoting *Puckett*, 556 U.S. at 135 (II)).

[12] *See Anderson v. State*, 299 Ga. 193, 196 (2) (787 SE2d 202) (2016) ("To show plain error, [the defendant] must establish not only that the jury instruction was erroneous, but also that it was obviously so and that it likely affected the outcome of the proceedings." (punctuation omitted)); *Murray v. State*, 295 Ga. 289, 294 (3) (759 SE2d 525) (2014) ("Appellant has failed to show plain error under the four-pronged test adopted in *State v. Kelly*, in that appellant has failed to show that the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (citation and punctuation omitted)); *see also Jones v. United States*, 527 U.S. 373, 394-95 (II) (B) (119 SCt 2090, 144 LE2d 370) (1999) (noting that it is the defendant's "burden of showing that the error actually affected his substantial rights"); *United States v. Olano*, 507 U.S. 725, 734 (II) (A) (113 SCt 1770, 123 LE2d 508) (1993) (explaining that under federal plain-error analysis, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice").

a whole and not out of context when making determinations as to its correctness."[13] And for purposes of plain-error analysis, the "charge" includes "not only . . . instructions given orally to the jury, but necessarily must apply to any written instructions given to the jury."[14] In this regard, at the start of Crist's trial, the trial court read the indictment to the jury, including the three charges of sexual battery. In its relevant parts, the indictment charged that Crist: "intentionally made physical contact with the intimate parts of the body of D. M., a child under the age of sixteen years, by placing his hand upon" her buttocks, breast, and vagina, "without the consent of said child."[15] After closing arguments, the court instructed the jury, "I'm going to give you the law that applies to this case. You're going to have a copy of this out with you, so you don't have to try to write it all down. It's a lengthy charge . . .

---

[13] *Minor v. State*, 328 Ga. App. 128, 132 (2) (a) (761 SE2d 538) (2014) (punctuation omitted); *see Drayton v. State*, 297 Ga. 743, 748-49 (2) (b) (778 SE2d 179) (2015) (explaining that before a jury charge will be considered reversible error, it must be considered in the context of the jury instructions as a whole); *Guajardo v. State*, 290 Ga. 172, 176 (4) (718 SE2d 292) (2011) (same).

[14] *Cheddersingh v. State*, 290 Ga. 680, 683 (2) (724 SE2d 366) (2012); *see Murray v. State*, 295 Ga. 289, 294 (3) (759 SE2d 525) (2014) (considering court's oral and written instructions).

[15] *See* OCGA § 16-6-22.1 (b) ("A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person.").

." And the trial court reminded the jury that it had read the indictment and that the jury would have a copy of the indictment as well, before it further instructed the jury on the presumption of innocence and the State's burden to prove Crist's guilt beyond a reasonable doubt. The court then specifically instructed the jury: "The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime or crimes charged beyond a reasonable doubt." After giving additional instructions on the meaning of reasonable doubt, the consideration of the evidence, and criminal intent, the court charged the jury on the elements of child molestation and on the statute of limitation for child molestation and sexual battery, but failed to give any oral instructions on the elements of sexual battery. After the court explained the verdict form and gave its final instructions, the jury began deliberations.

Given the foregoing, even assuming that the trial court's failure to include the elements of sexual battery in its oral charge to the jury constituted an obvious error,[16] Crist has failed to show that this omission likely affected the outcome of the

---

[16] *See, e. g.*, *Essuon v. State*, 286 Ga. App. 869, 872 (2) (650 SE2d 409) (2007) (reversing the defendant's convictions on two counts of criminal solicitation to commit a felony (murder) where the instructions as a whole failed to define the terms "felony" and "murder," which were essential elements of the crime charged).

proceedings. Notably, the indictment, including the elements of the charge of sexual battery, was read to the jury; the jury was instructed that it had to find each element in the indictment beyond a reasonable doubt; and the indictment was sent into the jury room.[17]

---

[17] *See Anderson*, 299 Ga. at 196 (2) (holding defendant did not establish that the trial court's failure to instruct the jury that it had to find the defendant had a firearm "within arm's reach" likely affected the outcome of the proceeding where the "element was properly included in . . . the indictment, that indictment was read to the jury, the trial court charged the jury that the State had to prove every material allegation in the indictment beyond a reasonable doubt, and the trial court reminded the jury that it would have the indictment in the jury room 'during your deliberations in order that you may examine the specific allegations against these defendants'"); *see also Miller v. State*, 289 Ga. 854, 861 (8) (717 SE2d 179) (2011) (holding that "deviation from the indictment to the jury charge" by omitting an element of first degree arson "is not error where the trial court read the indictment in full to the jury and charged the jury that the State must prove each element of the crime as charged beyond a reasonable doubt"). *But c.f. Aguilar v. State*, __ Ga. App. __ (1) (798 SE2d 60, 62) (2017) (holding that earlier reading of the indictment could not save the court's erroneous sexual-battery instruction, which omitted the element of lack of consent, because sexual battery was a lesser-included charge and was not included in the indictment).

Crist asserts that *Anderson* is distinguishable from the case *sub judice* because whether the firearm was "within arm's reach" of the shooter was not disputed at trial. Here, Crist admitting touching D. M. in her bed, but denied doing so inappropriately, such that the disputed issue at trial was whether or not D. M. and I. M., who both reported that Crist touched D. M. without her consent, were credible witnesses. This distinction is of no consequence. In this case, the jury was properly instructed, via the reading of the indictment and the instructions as a whole, on the State's burden to prove lack of consent. *See infra* notes 18 and 19.

Furthermore, the jury was told at the outset of the closing charge that it need not remember all of the court's instructions, which were 17 pages in length, and was given a complete set of written instructions, including the sexual-battery instruction, in the jury room.[18] To be sure, the better practice would have been to include all instructions in the oral charge following closing arguments. Nevertheless, the trial court's written and oral instructions, as a whole, adequately informed the jury of the charges.[19] Moreover, the elements of both child molestation and sexual battery were

[18] *See Anderson v. State*, 262 Ga. 26, 27 (3) (a) (413 SE2d 732) (1992) ("[W]e think it is frequently desirable that instructions which have been reduced to writing be not only read to the jury but also be handed over to the jury. . . . We see no good reason why the members of the jury should always be required to debate and rely upon their several recollections of what a judge said when proof of what he said is readily available.") (citing *Copeland v. United States*, 152 F2d 769, 770 (D. C. Cir. 1945)); *accord Reese v. State*, 241 Ga. App. 350, 351-52 (3) (526 SE2d 867) (1999).

[19] *See Miner v. State*, 268 Ga. 67, 68 (3) (485 SE2d 456) (1997) (holding that the failure to include "language charging that the burden of proof is upon the State to prove beyond a reasonable doubt that the murder offense is not mitigated by provocation or prejudice" in oral charge, where it was included in written charge, was not reversible error); *see also Arthur v. Walker*, 285 Ga. 578, 580 (679 SE2d 13) (2009) (noting, in affirming denial of habeas corpus petition based on ineffective assistance in failing to object to court's slip of the tongue during oral charge, that "the trial court sent out a written copy of the jury instructions to the jury, which would have included a full and correct version of the charge . . . unfettered by the trial court's inadvertent slip of the tongue"). *But see Cheddersingh*, 290 Ga. at 682 (2) (although oral instructions informed the jury that the defendant was innocent until proven guilty and burden was upon the State and never shifted to the defendant, it was plain error to use pre-printed verdict form which required jury to find defendant

12

underlined on the written jury instructions that went out with the jury. Thus, while the trial court found that the notations on the written instructions were "unsubstantiated" evidence that the error did not affect the proceedings and declared that it would not "assume" that the jury read the instructions,[20] its reasoning was misguided. The burden was on Crist, not the State, to show that the error likely affected the outcome of the trial.[21] And here, we can find no evidence that the jury misunderstood the instructions on sexual battery or any other topic. Rather, the record, including the acquittal of Crist on charges of child molestation, shows that the jury understood the law and the evidence before it.[22]

---

not guilty beyond a reasonable doubt).

[20] We find the trial court's refusal to "assume" that the jury read the written instructions curious, given its statement—immediately following closing arguments—that the jury would have a copy of the written instructions in the jury room and that the members did not need to write down the lengthy oral charge.

[21] *See* note 12, *supra*. We note that Crist made no presentation of evidence at the hearing on his motion for new trial, but simply rested on his motion and brief. In his brief, he made no argument that the instructional error likely affected the outcome, merely asserting that the court's charge on sexual battery was plain error because it failed to instruct the jury that the State was required to prove lack of consent.

[22] *Cf. Heard v. State*, 287 Ga. 554, 559 (4) (697 SE2d 811) (2010) (holding that trial court did not err in denying defendant's motion for severance when verdict, including acquittal for some charges, showed the jury understood law and evidence); *Algren v. State*, 330 Ga. App. 1, 4 (1) (764 SE2d 611) (2014) (same).

In sum, because the trial court's instructions, when considered as a whole, properly instructed the jury on the law and Crist failed to show that the omission of the oral instruction on sexual battery at the close of trial likely affected the outcome of the proceedings,[23] we conclude that the trial court erred in granting Crist's motion

---

[23] Other cases upon which Crist relies are distinguishable. Specifically, in *Stanbury v. State*, 299 Ga. 125 (786 SE2d 672) (2016), our Supreme Court found plain error where the trial court failed to instruct the jury that the testimony of an accomplice had to be corroborated and the accomplice testimony "served as the bedrock of the conviction because he was the only witness who affirmatively identified" the defendant. *Id.* at 129-31 (2). Because the jury was not "properly instructed on the manner in which they needed to judge this evidence," the error likely affected the outcome of the proceedings. *Id.* at 131 (2). But here, the jury was properly instructed on how to consider the evidence. In *State v. Alvarez*, 299 Ga. 213 (790 SE2d 66) (2016), our Supreme Court also found plain error in the trial court's failure to give any instruction on the defense of justification when "justification was the critical disputed issue at trial." *Id.* at 214-15 (1). Pertinently, in these cases and other cases finding plain error based on the omission of a jury instruction, the instruction was omitted *entirely* from the jury's consideration. *See, e.g.*, *Alvarez*, 299 Ga. at 214-15 (1) (finding plain error where trial court failed to give any instruction on the defense of justification); *Stanbury*, 299 Ga. at 129 (1) (finding plain error where trail court failed to instruct that the testimony of an accomplice must be corroborated); *Aguilar*, 798 SE2d at 62-63 (1) (finding plain error where "jury instruction wholly failed to charge the essential element of the crime of sexual battery—lack of consent to the touching"); *Patterson v. State*, 328 Ga. App. 111, 116-21 (4) (761 SE2d 524) (2014) (holding that failure to instruct jury that defendant had to have knowledge that pill contained hydrocodone in order to convict him for possession of hydrocodone was plain error); *Wagner v. State*, 311 Ga. App. 589, 591-93 (2) (716 SE2d 633) (2011) (physical precedent only) (finding plain error in the trial court's use of a disapproved-instruction that shifted the burden of proof to the defendant in a DUI case). In stark contrast, the oral and written instructions in this case, as a whole, properly informed the jury of the elements of sexual battery. *See*

14

for a new trial. Thus, we reverse the trial court's grant of Crist's motion for new trial and reinstate his convictions for sexual battery.

*Judgment reversed. Ray and Self, JJ., concur.*

---

*Anderson*, 299 Ga. at 196 (2) (finding no plain error where omitted element was included in the indictment, which was read to the jury and sent to the jury room, and jury was instructed to find the indictment allegations beyond a reasonable doubt); *Miner*, 268 Ga. at 68 (3) (finding no plain error where written instructions were correct).