**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 28, 2023**

# In the Court of Appeals of Georgia

A22A1738. GHANT v. THE STATE.

DOYLE, Presiding Judge.

A Fayette County jury found Valerie Ghant guilty of driving under the influence of alcohol to the extent it was less safe to do so, improper parking (too close to a traffic-control signal), and improperly parking a vehicle (too far from the curb).[1] Ghant appeals from the state court's denial of her motion for new trial, arguing that the evidence was insufficient, the trial court plainly erred in instructing the jury, and she was denied the effective assistance of counsel. For the reasons set forth infra, we affirm.

---

[1] See OCGA §§ 40-6-391 (a) (1); 40-6-203 (a) (2) (D); 40-6-200 (a).

Viewed in the light most favorable to the verdict,[2] the evidence shows the following. Sometime around midnight on November 19, 2017, a concerned citizen placed a 911 call to report a driver asleep at the wheel of her vehicle, which was running with the windshield wipers on, at the intersection of Highways 314 and 279. The caller had tried knocking on the window of the vehicle, but could not rouse the driver.

Investigator Erik Richards responded to the scene and had to repeatedly beat on the passenger window of Ghant's vehicle to wake her up. Although the vehicle's engine was running, Ghant was leaned over to the side and was not responding. When Ghant did respond, Richards noticed that her eyes were red and bloodshot and her speech was slurred, and a strong odor of an alcoholic beverage was coming from inside the vehicle.

Deputy Ken Farley testified that he arrived at the scene after Richards. Farley also noticed that Ghant's speech was slurred and her eyes were red and bloodshot. Farley proceeded to perform several field sobriety tests on Ghant, including the Horizontal Gaze Nystagmus ("HGN"), the walk-and-turn test, and the one-leg stand.

---

[2] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

After Ghant failed each of the tests and a preliminary breath test was positive for alcohol, Farley placed her under arrest.

After the State rested its case, Ghant testified that she had a glass of wine at a restaurant before driving and that she fell asleep while waiting on a delayed traffic light. After the jury found her guilty on all three counts, she filed a motion for new trial. Following a hearing, the trial court denied the motion. This appeal followed.

1. Ghant challenges her convictions, arguing that, because there were no results of any chemical test of her breath, blood, or urine, or other bodily substance, the evidence was not "overwhelming."

As Ghant seems to acknowledge in her brief, the evidence need not be overwhelming to support a conviction.

> On appeal from a criminal conviction, [the appellate court] view[s] the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[3] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence,

---

[3] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

even though contradicted, to support each fact necessary to make out the State's case, [the reviewing court] must uphold the jury's verdict.[4]

Besides the evidence that Ghant had bloodshot eyes, slurred speech, and an odor of alcohol on her breath and person, she failed all of the field sobriety tests, and registered positive on the alco-sensor.[5] A rational trier of fact could thus find her guilty of DUI less safe beyond a reasonable doubt.[6]

2. Ghant contends that the trial court plainly erred in instructing the jury by failing to instruct on the proper use of demonstrative evidence, instructing the jury that it "must" consider the HGN test as evidence, and by instructing the jury on DUI per se when she was only charged with DUI less safe.

Ghant's failure to object at trial "precludes appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects the substantial rights of the parties. In such cases, the proper inquiry is

---

[4] (Citations omitted.) *Rankin*, 278 Ga. at 705.

[5] See *Drogan v. State*, 272 Ga. App. 645, 647 (1) (b) (613 SE2d 195) (2005).

[6] See *Brent v. State*, 270 Ga. 160, 161 (1) (510 SE2d 14) (1998).

whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings."[7]

(a) Ghant argues that the trial court erred in failing to instruct the jury on demonstrative evidence or on how to evaluate and/or weigh demonstrative evidence.

During Deputy Farley's testimony, the State played video from his patrol vehicle's dash camera that showed Ghant taking the field sobriety tests. After explaining the clues that he was looking for in an HGN test, Farley testified that the jury could not see the nystagmus from the view of the dash camera. The State then offered a demonstrative video depicting a DUI suspect's eyes during an HGN evaluation. Farley testified that he had viewed the video and that it was an accurate representation of what nystagmus looked like.

"A trial court has wide discretion in admitting demonstrative evidence, and a party offering such evidence must lay a proper foundation establishing a similarity of circumstances and conditions."[8] Here, before the demonstrative video was played, the trial court stressed to the jury that the video did not depict Ghant or her eye,

---

[7] (Citations and punctuation omitted.) *State v. Crist*, 341 Ga. App. 411, 414 (801 SE2d 545) (2017); see also OCGA § 17-8-58 (b).

[8] (Citation and punctuation omitted.) *Robinson v. State*, 308 Ga. 543, 548 (2) (a) (842 SE2d 54) (2020).

advised the jury that the video was not the type of exhibit that would go into the jury rom, and instructed that the video was for "demonstrative purposes only, just to show what the officer [was] looking for[.]"

Ghant has not cited any authority to show that this instruction was erroneous.[9] Further, we presume that the jury followed the trial court's instructions and considered the video with the understanding that the video did not depict Ghant and was being introduced for demonstrative purposes only.[10] Under these circumstances, Ghant has not shown error, much less plain error.[11]

---

[9] See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

[10] See *Harris v. State*, 202 Ga. App. 618, 620 (3) (a) (414 SE2d 919) (1992) ("[I]n the absence of clear evidence to the contrary, qualified jurors, under oath, are presumed to follow the instructions and procedural directives of the trial court.").

[11] See *Crist*, 341 Ga. App. at 414-415 ("First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.") (citation and punctuation omitted).

(b) Ghant argues that the trial court erred in instructing the jury that it "must" consider the HGN test as evidence that Ghant was "impaired."

Ghant misstates the court's instruction, which required the jury to consider whether the officer substantially complied with the scientific procedures. The trial court instructed the jury:

> The [HGN] test is based on the well-known and medically accepted principle that the nystagmus can be caused by the ingestion of alcohol. The [HGN] test is an accepted common procedure that has reached a state of verifiable certainty in the scientific community and is admissible as a basis upon which an officer can determine that a driver was impaired by alcohol. So long as the officer substantially complied with the scientific procedures of the [HGN] test, the jury must consider the test as evidence.

The court also instructed the court that it was the sole judge of the credibility of the witnesses.

The first part of the trial court's instruction regarding the HGN test follows the charge that we have previously approved,[12] and the second portion accurately stated

_____

[12] See *Wrigley v. State*, 248 Ga. App. 387, 393-394 (6) (546 SE2d 794) (2001).

7

the law regarding the jury's role in evaluating a witness's credibility.[13] Ghant has thus failed to show error, much less plain error.[14]

(c) Ghant contends that the trial court erred by instructing on DUI per se when she was only charged with DUI less safe.

The trial court instructed the jury that Ghant was only charged with DUI less safe and only gave an instruction on that charge. When instructing the jury on intent, the trial court did instruct the jury that moving traffic violations were strict liability offenses. The court continued:

> In the context of a traffic violation such as Driving Under the Influence, the State will have met its burden of proof as to the defendant's criminal intent, if you should find beyond a reasonable doubt that the defendant intended to operate her vehicle at a time when (a) she was under the influence of alcohol to the extent that she was less safe to do so than she would have been if sober, or (b) that she had a blood or breath alcohol concentration of .08 grams or more[.]

---

[13] See *Hawkins v. State*, 223 Ga. App. 34, 38 (1) (476 SE2d 803) (1996) ("Clearly HGN testing, although far from a complex procedure, may be subject to human error in its administration or interpretation; however, such potential for error does not impact on the validity of the HGN test[.] An accused may always introduce evidence of the possibility of error. Such evidence would relate to the weight rather than the admissibility.") (citations and punctuation omitted).

[14] See *Crist*, 341 Ga. App. at 414-415.

"Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence."[15] Moreover, while "[i]t is true that a jury charge must be adjusted to the evidence, . . . in order to have reversible error, there must be harm as well as error."[16] Because the charge as a whole in this case was not likely to confuse the jury, reversal is not required.

(d) Ghant contends that the combined effect of the trial court's errors in instructing the jury likely confused the jury into finding her guilty of a crime that was not alleged in the accusation. Because the charge as a whole presented the issues in such a way that was not likely to confuse the jury, we will not disturb the verdict.[17]

3. Ghant contends that her trial attorney provided ineffective assistance of counsel by failing to object to the exclusion of Ghant's daughter from the courtroom,

[15] (Citation and punctuation omitted.) *Crusselle v. State*, 303 Ga. App. 879, 883 (2) (b) (694 SE2d 707) (2010).

[16] (Citations omitted.) *Massa v. State*, 287 Ga. App. 494, 496 (2) (651 SE2d 806) (2007).

[17] See *Crusselle*, 303 Ga. App. at 883 (2) (b).

failing to object to improper opinion testimony by Deputy Farley, and failing to object to or request certain jury instructions.

> In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant. To satisfy the prejudice prong, a defendant must establish a reasonable probability that, in the absence of counsel's deficient performance, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test,[18] the reviewing court does not have to examine the other prong.[19]

(a) Ghant argues that trial counsel improperly acquiesced to the State's objection to Ghant's daughter being present in the courtroom and that the daughter's exclusion from the trial constituted an impermissible closure of the courtroom.

Prior to trial, the State objected to the presence of Ghant's 23-year-old daughter, who had suffered a traumatic brain injury and required 24-hour care. The State argued that the daughter's presence would be prejudicial. In response, Ghant's

---

[18] See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

[19] (Citations and punctuation omitted.) *Taylor v. State*, 365 Ga. App. 700, 706-707 (2) (879 SE2d 871) (2022).

counsel requested that the daughter either be allowed to attend or that the case be continued. The trial court continued the trial after expressing its concern that Ghant had no plan for her daughter's care "if the trial was over [that day] and [Ghant] was found guilty and [the court] sentenced her to jail and she had to go into custody [that day.]"

"[E]ven when a courtroom closure would necessitate reversal had an objection been preserved, in order to satisfy the prejudice prong of the *Strickland* test, the defendant is required to demonstrate a reasonable probability that the outcome of the trial would have been different had [her] counsel objected to the closure."[20] Because Ghant has not made the requisite showing of prejudice, this claim fails.[21]

(b) Ghant contends that her trial attorney should have objected when Deputy Farley gave improper opinion testimony that four out of six clues on the HGN test indicated a blood alcohol level above 0.08. The State concedes that this testimony

---

[20] *Alexander v. State*, 313 Ga. 521, 526 (2) (870 SE2d 729) (2022); see id. at 532 (4) ("[W]e see no reason to adopt a separate 'fundamental unfairness' test as a new avenue for establishing a claim of ineffective assistance of counsel in the context of a courtroom closure.").

[21] See id. at 533 (5).

was improper, but argues that, even if trial counsel should have objected, Ghant has not shown prejudice.

At trial, Deputy Farley testified that he typically looked for six clues when performing the HGN test. Farley stated, "[y]ou need a minimum of four [clues] to get enough for an arrest. . . . That is based on evaluations and based on scientific evidence four clues is an indicator of .08 or higher." Farley then testified that he "got six out of six [clues]" when performing the test on Ghant. Farley continued to explain the HGN test and then testified, "if you get [any nystagmus] prior to [the eyes reaching] the 45-degree angle, about right here (demonstrating) is about a .08. About right here, we're taught that it's about a .10. The further in you go, the higher the level of intoxication."

On cross-examination, trial counsel had Farley reiterate this testimony:

Q: And you said that you saw all six clues [during the HGN test]?
A: I did.
Q: Okay. And you also testified that, I believe in regards to what level of intoxicity they may have indicated, depending upon the number of clues. Now, is that a [National Highway Traffic Safety Administration ("NHTSA")] standard or is that just something that you've come up with?
A: That's NHTSA standard.
Q: That's NHTSA standard?

12

A: Four clues will tell you — is what we're trained. If we see four clues then we're at .08 grams or higher.

At the motion for new trial hearing, trial counsel did not articulate a strategy for not objecting to Farley's testimony, but testified that she "didn't think it was important at the time." The trial court found that "[t]rial counsel's failure to object to Deputy Farley's testimony did not rise to the level as to be anything more than an error or trial strategy by trial counsel because she did not think his testimony was important at the time." The court added that because counsel did not raise a single objection during the testimony of Deputy Farley, Ghant had not met her burden of showing deficient performance. The court did not address the prejudice prong of the *Strickland* test.

As in *Spencer v. State*, "the evidence presented by the State in this case was insufficient to establish the scientific validity or reliability of any correlation between a particular number of clues on an HGN test and a numeric blood alcohol content, whether a specific percentage or 'equal to or greater than' a specific percentage."[22]

---

[22] See *Spencer v. State*, 302 Ga. 133, 138-139 (805 SE2d 886) (2017).

13

And, although Ghant was not charged with DUI per se, Farley's testimony regarding her blood alcohol content was relevant to the DUI less safe charge.[23]

However, we need not determine if trial counsel's performance in failing to object to this inadmissible testimony was objectively unreasonable.[24] In light of the overwhelming evidence of her guilt, Ghant has failed to demonstrate a reasonable probability that the outcome of the trial would have been different had trial counsel objected.[25] As detailed above, Ghant was passed out and unresponsive behind the wheel of a vehicle with the engine running, admitted to having consumed alcohol within the past couple of hours, had slurred speech and bloodshot eyes, gave off an odor of alcohol, and failed all of the field sobriety tests administered to her.

(c) Ghant contends that trial counsel was ineffective for failing to request a jury instruction on the use of demonstrative evidence, failing to object to the instruction

---

[23] See *Bravo v. State*, 304 Ga. App. 243, 250 (2) (696 SE2d 79) (2010).

[24] See *Redding v. State*, 297 Ga. 845, 850 (5) (778 SE2d 774) (2015) ("Courts reviewing ineffectiveness claims must apply a strong presumption that counsel's conduct fell within the wide range of reasonable professional performance.").

[25] Compare *Reado-Seck v. State*, 346 Ga. App. 381, 386 & n. 21 (816 SE2d 355) (2018) (remanding for an evidentiary hearing on the ineffective assistance of counsel claim where the evidence of guilt on the charges of first-degree vehicular homicide and DUI less safe was not overwhelming).

14

that the jury must consider the HGN test as evidence that she was impaired, and failing to object to instruction on DUI per se.

For the reasons given in Division 2, supra, "any objection made by counsel would have been meritless, and the failure to make a meritless objection cannot support a claim of ineffective assistance."[26]

(d) Ghant argues that she is entitled to a new trial based on the cumulative effect of all of trial counsel's errors. Assuming without deciding that trial counsel's performance was deficient based on her failure to object to Farley's opinion testimony, as discussed above, Ghant has failed to establish actual prejudice. Accordingly, this claim of error fails.[27]

*Judgment affirmed. Hodges, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[26] (Citation and punctuation omitted.) *Beasley v. State*, 305 Ga. 231, 236 (3) (824 SE2d 311) (2019).

[27] See *Ingram v. State*, __ Ga. __ (2) (Case No. S23A0066 decided May 2, 2023).